1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARIO AMADOR GONZALEZ,                    No. 2:17-cv-0176-WBS-CMK-P

12              Plaintiff,

13        vs.                                  ORDER

14   EDMOND G. BROWN, et. al.,

15              Defendants.

16   _____/

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Plaintiff seeks the appointment of counsel.  The United States Supreme Court

19   has ruled that district courts lack authority to require counsel to represent indigent prisoners in

20   § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

21   exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to

22   28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

23   Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional

24   circumstances" requires an evaluation of both the likelihood of success on the merits and the

25   ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal

26   issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be

                                             1

1    viewed together before reaching a decision.  See id.

2           In the present case, the court does not at this time find the required exceptional

3    circumstances.  The reasons plaintiff provides in support of his request for counsel is the

4    complexity of the case, the number of defendants named and the limited ability to do law work at

5    the Department of State Health Facility.  These reasons are not sufficient to show exceptional

6    circumstances.

7           Plaintiff's amended complaint, which has not been screened by the court, raises

8    claims including violation of plaintiff's Eighth and Fourteenth Amendment rights.  He claims

9    several of the defendants used excessive force against him, and others failed or refused to help

10   him.   These claims are fairly straightforward and not particularly complex, either legally or

11   factually.  While plaintiff is correct that he has named several defendants to this action, as the

12   court has yet to screen the amended complaint, it is not clear whether he has stated a claim

13   against all of the named defendants.  There is nothing in plaintiff's motion or other filings

14   indicate he is unable to comprehend these proceedings, and based on the filings in the case thus

15   far, it would appear plaintiff has the ability to articulate his claims.  Plaintiff's claims of limited

16   access to legal materials is not an exceptional circumstance, but one all prisoners face.  Finally,

17   as to the merits of plaintiff's case, at this early stage of these proceedings, the undersigned cannot

18   find there is a reasonable likelihood that plaintiff will be successful on the merits of his case at

19   this time.

20          Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the

21   appointment of counsel (Doc. 3) is denied.

22

23    DATED:  September 29, 2017

24                                        _____
                                          **CRAIG M. KELLISON**
25                                        UNITED STATES MAGISTRATE JUDGE

26