IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ, | No. 2:17-CV-0176-WBS-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| EDMOND G. BROWN, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are plaintiff's motion for the appointment of counsel (Doc. 12) and plaintiff's motion for leave to file a second amended complaint (Doc. 15).

   Plaintiff filed an amended complaint as of right on August 28, 2017. Plaintiff now seeks leave to further amend in order to cure deficiencies in his prior pleading. Good cause appearing therefor, plaintiff's request will be granted and this action shall proceed on the second amended complaint filed on January 18, 2018 (Doc. 16), which will be addressed separately.

   Plaintiff also seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain

1

exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).   A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.

In the present case, the court does not at this time find the required exceptional circumstances.  First, despite plaintiff's statement that he suffers from a mental illness which makes it difficult to represent himself, the record demonstrates that plaintiff has thus far been able to articulate his claims on his own.  Second, a review of the second amended complaint reveals that the claims raised in this action are not overly complex, either legally or factually.  Finally, at this early stage of the proceedings, the court cannot say that plaintiff has any particular likelihood of success on the merits of his claims.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. 15) is granted;

2. This action proceeds on the second amended complaint filed on January 18, 2018; and

3. Plaintiff's motion for the appointment of counsel (Doc. 12) is denied.

DATED: August 7, 2018

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE