# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>EDMOND G. BOWN, et al.,<br><br>Defendants. | No. 2:17-CV-0176-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion (ECF No. 22), captioned "Ex Parte Communication", which motion the court construes as a motion for injunctive relief.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

In this case, plaintiff seeks a court order requiring prison officials to return his legal property. According to plaintiff, he was told by defendant Leech his property would be held for him while he was temporarily transferred to another prison for a court appearance. Plaintiff states he was not, however, returned to the same prison but instead transferred to a third prison following his court appearance and has not been provided with his legal property.

The court is unable to grant injunctive relief at this time for several reasons. First, while plaintiff asserts a "need" for property which plaintiff asserts is necessary to prosecute his claims, plaintiff has not alleged any likelihood of irreparable injury absent a court order. Second, the claims raised in this case do not assert that the subject property was denied, but rather it was represented that the property would be available on plaintiff's return. As such there exists no denial of access to legal property and plaintiff cannot demonstrate any likelihood of success on the merits of his claims in relation to the requested injunctive relief. Third, because defendant Leech has not been served or appeared in the action, the court lacks personal jurisdiction over him at this time. Finally, it appears plaintiff's request may have been rendered moot by his transfer to a third prison.

/ / /

/ / /

/ / /

/ / /

/ / /

2

Based on the foregoing, the undersigned recommends that plaintiff's request for injunctive relief (ECF No. 22) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 15, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE