1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    MARIO AMADOR GONZALEZ,              No.  2:17-CV-0176-WBS-DMC-P

12              Plaintiff,

13    v.                                           ORDER

14    EDMOND G. BOWN, et al.,

15              Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the court are Plaintiff's second amended complaint (ECF No.

19    16).[1]  Plaintiff alleges violations of his First, Fourth, Eighth, and Fourteenth Amendment rights.

20

21              **I.  SCREENING REQUIREMENT AND STANDARD**

22              The Court is required to screen complaints brought by prisoners seeking relief

23    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

24    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

25    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

26    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).

27    _____

28         [1]      Plaintiff's motion requesting court intervention (ECF No. 22) is addressed
separately.

                                           1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following 19 individuals as defendants to this action: (1) Edmund G. Brown; (2) Baughman; (3) Clough; (4) Bales; (5) S. Byers; (6) E. Miner; (7) J. Burke; (8) A. Cross; (9) J. Lewis; (10) R. Valine; (11) C. Kinn; (12) J. Leech; (13) Walker; (14) Kevin Grinde; (15) Scott Kernan; (16) Ross; (17) D. Bodenhamer; (18) Sparks; and (19) Stakes.[2] Plaintiff asserts several claims of excessive force in violation of the Eighth Amendment

---

[2] Defendant C. Kinn is erroneously listed on the docket as "C. Jinn." The California Department of Corrections and Rehabilitation, listed on the docket as a defendant, is not named in the second amended complaint. Defendants Kernan, Ross, Bodenhamer, Sparks, and Stakes are named in the second amended complaint but not listed on the court's docket. The Clerk of the Court will be directed to update the docket to reflect the correct list of current defendants.

as well as claims of retaliation stemming from his complaints in violation of the First.  These allegations seem to relate to a series of incidents involving Defendants Clough, Bales, S. Byers, E. Miner, J. Burke, A. Cross, J. Lewis, R. Valine, C. Kinn, J. Leech, and Walker.  Plaintiff alleges that these Defendants engaged in various acts of excessive force including punching and kicking Plaintiff, twisting his foot, dragging him across the floor, pouring urine and feces in his mouth, standing on his body, and pressing down on his body with extreme force.  Plaintiff also alleges these Defendants engaged in these acts of excessive force in retaliation for Plaintiff's complaints against some of the Defendants.  Plaintiff asserts that the remaining Defendants were aware or should have been aware of this conduct.

### III.  ANALYSIS

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief."  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)).  Claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

Here, Plaintiff's claims against Defendants Clough, Bales, S. Byers, E. Miner, J. Burke, A. Cross, J. Lewis, R. Valine, C. Jinn, J. Leech, and Walker are sufficient to satisfy the initial pleading standard.  However, as to the remaining Defendants Plaintiff has failed to properly allege facts that support a claim against them under a general theory of liability or a theory of supervisory liability.  To the extent Plaintiff attempts to hold the remaining Defendants liable under a theory of supervisory liability, Plaintiff fails to establish that these Defendants engaged in the alleged activity, directed the alleged activity, or had any knowledge of the activity.  For that reason, the claims as to these Defendants cannot proceed.

/ / /

/ / /

/ / /

/ / /

/ / /

4

# IV. AMENDING THE COMPLAINT

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.     The Clerk of the Court is directed to update the docket to correct defendant "C. Jinn" to "C. Kinn";

2.     The Clerk of the court is further directed to update the docket to terminate California Department of Corrections and Rehabilitation as a defendant and to add Kernan, Ross, Bodenhamer, Sparks, and Stakes as defendants; and

3.     Plaintiff may file a third amended complaint within 30 days of the date of this order.

Dated:  March 15, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE