LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC
Everardo Vargas Valencia, Esq., SBN 131412
601 South Brand Boulevard – Suite 200
San Fernando, California 91340
Telephone:   (818) 361-6662
Facsimile:    (818) 361-8046

Attorney for Plaintiff, MARIO A. GONZALEZ

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISCTRICT OF CALIFORNIA

| MARIO A. GONZALEZ,<br><br>Plaintiff<br><br>v.<br><br>EDMUND G. BROWN, ET AL.,<br>Baughman (Warden); Clough; Bales; Byers; E. Miner; J. Burke; A. Cross; J. Lewis; R. Valine; C. Kinn; J. Leech; Walker; Kevin Grinde; California Deparment of Corrections & Rehabilitation; Scott Kernan; Ross; D. Bodenhamer; Sparks; Stakes.<br><br>Defendants. | Case No.: **2:17-cv-00176-WBS-DMC**<br><br>**FOURTH AMENDED COMPLAINT**<br><br>1. 42 U.S.C. § 1983 – 4th Amendment/Search and Seizure.<br>2. 42 U.S.C. § 1983 – 5th Amendment/Due Process of Law<br>3. 42 U.S.C. § 1983 – 8th Amendment/Cruel & Unusual Punishment<br>4. 42 U.S.C. § 1985 – Conspiracy to Deprive Civil Rights<br>5. 42 U.S.C. § 1986 – Neglect to Prevent Civil Rights Violation<br>6. 42 U.S.C. § 1983 – Municipal/*Monell* Liability<br>7. Intentional Infliction of Emotional Distress<br>8. Violation of Unruh Civil Rights Act Civil Code § 51, § 52<br>9. Violation of ADA and Civil Rights § 54.1<br>10. Assault & Battery<br>11. Use of Excessive Force |

TO THE COURT AND TO COUNSEL OF RECORD:

HERE COMES MARIO A. GONZALEZ, PLAINTIFF, WHO ALLEGES AGAINST ALL DEFENDANTS AS FOLLOWS:

## I. PARTIES

1. Defendants, and each of them, did the acts and omissions alleged herein in bad faith and with knowledge that the conduct violated well established and settled law.

2. Each and every defendant who is a natural person is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

3. At all times material herein, defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

## II. JURISDICTION

4. This is a civil action arising under the Construction and land of the United States, and this Honorable Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## III. GENERAL ALLEGATIONS

5. Each and every allegation set forth in each and every allegation of this Complaint hereby is incorporated by this reference in each and every other allegation, or cause of action in this Complaint.

6. Plaintiff was deprived of interests protected by the Constitution and/or law of the United States of America and suffered injuries to his person, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

7. All acts and/or omissions perpetrated by each defendant, except any governmental entities defendants in his/her official capacity or any defendant only, were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard for the rights of Plaintiff and others.

8. Plaintiff, Mario A. Gonzalez is a disabled state prisoner, currently incarcerated at CSP – LAC. Plaintiff brings this action under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that he was subjected to physical and psychological abuse at the hands of prison guards that was visited upon Plaintiff in a sadistic and vicious manner in violation of Plaintiffs' clearly

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

established Constitutional Rights resulting in his confinement to a wheelchair. Plaintiff also alleges, that the medical staff at the prison, as well as personnel in Internal Affairs, covered up the misconduct of fellow officers by purposefully failing to document the abuse. Plaintiff further alleges, that supervisors and those crafting, implementing and enforcing policies, in the administration of the correctional facility, demonstrated a conscious disregard to the Constitutional Rights of Plaintiff in connection with the abuse Plaintiff suffered at the hands of the prison guards. By failing to protect Plaintiff from predictable abuse, failing to discipline the guards, and failing to provide proper training so that said corrections officers would not exercise excessive force and torture on Plaintiff after being put on notice of the application of excessive force upon Plaintiff as well as other inmates that were brutally beaten.

9. On March 10, 2016, Plaintiff notified his primary clinician, Dr. Ross, that Plaintiff was in fear for his safety because he was aware that five officers at A-2 P.S.U. Sacramento were engaging in illegal beating of fellow inmates.

10. On April 12, 2016 Defendants, Officer Burke and Officer Cross, entered Plaintiff's cell to conduct the search. To execute the search Plaintiff would have to exit the cell. Plaintiff did not physically resist the search. However out of fear for his personal safety, given his knowledge of abuse by officers, Plaintiff requested that a supervisor in charge or a lieutenant be present during the search of the cell. Defendant, Officer Cross refused to call the supervisor or to inform the supervisor of said request; Lieutenant Bales was the supervisor on duty of the date of the incident.

11. Officer Cross, seemingly displease that the Plaintiff reasonable request for the presence of a supervisor, stepped away from the cell and gathered additional officers/Defendants, Burke, Valine and Lewis and returned to the cell. Then, Officer Cross signaled for control officer to open Plaintiff's cell door. After Plaintiffs' cell door was opened, Officer Cross handcuffed the left hand of Plaintiff and began to punch him in the left side of his body. Officer Cross then proceeded to apply wrestlers hold known as a "full nelson" thereby exposing Plaintiff's right-side ribs and back area. At this point, Defendants Officer Vali, Lewis and Burkes took turns kicking Plaintiff in the back and rib area of his body with their boots. While Plaintiff was being held in

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

the wrestlers hold.

12. Defendant, Officer Valine continued to mercilessly kick Plaintiff. At the same time, Officer Burkes was twisting Plaintiff's left foot so hard that it caused Plaintiff's ADA brace to come off along with his shoe. Contemporaneously, Officer Cross applied so much pressure to Plaintiff's person that he thought that his back was going to snap. The torture and abuse then continued by Plaintiff being dragged to the sink area where Officer Cross held Plaintiff in the position that permitted the officer was to pour urine and feces mixture into his mouth. This was done at the command of Officer Burkes. Plaintiff attempted to spit out the mixture of human waste poured into his mouth by the officers, however because he was being chocked by Officer Cross at the time, Plaintiff was unable to do so. Then, Officer Lewis kicked Plaintiff in the groin and twice in the testicles. The entire beating lasted 20 to 30 minutes.

13. The beating was in retaliation for Complaints Plaintiff made to Internal Affairs regarding prisoner abuse at the hands of the guards. This is evidenced from the fact that, as the officers were beating, choking, and kicking Plaintiff, the officers interrogated Plaintiff about an Internal Affairs reports that Plaintiff had made on February 16, 2016 and March 10, 2016.

14. When the unprovoked and savage beating finally came to a stop, the officers started to yell at Plaintiff to get up and walk, even though they knew that Plaintiff could not walk without his walker. They yelled "stop faking it." Plaintiff was then put it waist restraints and the handcuffs that Officer Cross put on him before the beating began were taken off.

15. Plaintiff was then taken to a medical facility were the treating staff, instead of providing medical care and investigating the cause for the injuries, where the treating staff refused to accurately record the nature and extent of the physical damage sustained by Plaintiff, but instead, concealed the excessive force applied to Plaintiff by the Officers in their report.

16. Prior to being transported back to his cell, Plaintiff was already properly restrained to the gurney, Captain Clough proceeded to tie Plaintiff down even further with sheets. As Plaintiff was being escorted back to his cell via gurney, Defendants Officers Kinn and Leech started hitting the restrained Plaintiff in the face. At the same time, a female Defendant, Officer Walker, was pressing down on Plaintiff's knee area inward in an apparent attempt to break his

Pg. - 3 -
**FOURTH AMENDED COMPLAINT**

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

knee.

17. Upon being returned to his cell, while Plaintiff was still laying on a gurney, Defendant, Sergeant Byers, grabbed Plaintiff under his under his jaw with both hands and began pulling him upwards with great pressure, inflicting further unnecessary pain and suffering. Sgt. Byers then stated, "you're getting everything you deserve." This was said and done in the presence of Captain Clough. Captain Clough did nothing to stop this violation as if this was commonly accepted and approved of practice.

18. Plaintiff's injuries were further compounded, upon return to his cell, when Officer Lewis squeezed Plaintiffs' testicles and hit him in the testicular area with a metal detector, again, without just cause or provocation and in violation of Plaintiff's Constitutional Rights. Then Officer Cross removed Plaintiffs' cuffs attached to the waist restraints, then, without just cause or provocation and with evil intent, began punching Plaintiff in the face. Officer Cross stated to Plaintiff, "I've been waiting to fuck you up."

19. Plaintiff's injuries were further exacerbated because, after the Officers were done beating him upon arrival at his cell, he was then sat down on the ground and Officer Burke put the entire weight of his body on Mr. Gonzalez's back such that his chin was being forced down to the ground.

20. On 4/13/2016, Plaintiff filled out a CDCR7362 "Sick Call Slip" because his ribs and back still hurt and he was finally provided with an X-Ray. D. Bodenheimer confirmed a fracture of the eighth rib, however the fact that Plaintiff had a fractured back was withheld from him. It was not until Plaintiff was transferred to R.J. Donovan Correctional Facility, in September 2016, that Plaintiff was told that he had a compressed fracture of his back.

21. In Defendant's actions, the corrections officers failed to comply with the Department of Corrections guidelines that instruct how correction officers and staff are to deal with inmates with mental health challenges in connection with use of force, all of the procedures were ignored.

22. All of the foregoing acts/omissions by the Prison authorities demonstrated a deliberate indifference to Plaintiff's well-established Constitutional rights because administration

was on notice of the use of excessive force being applied to the inmates as a matter of common practice in the institution.

23. As a direct and proximate result of the aforementioned acts and/or omissions of defendants, and each of them, Plaintiff suffered and continues to suffer from physical injuries, including but not limited to physical pain, fear, inability to sleep, physical and emotional pain, torment, degradation, fear, humiliation, anguish anxiety, embarrassment, agoraphobia, and emotional distress resulting in some permanent impairment, disability and damage and claims general damages for such physical and mental pain in an amount to be shown according to proof.

24. The conduct of Defendants, as described herein, was intentional, malicious, unprivileged, despicable, outrageous, and so vile, base, contemptable, criminal, miserable, wretched, and loathsome that it is looked down upon and despised by ordinary decent people, and this conduct was directed at Plaintiff by Defendants with the intent that it would harm Plaintiff and cause Plaintiff to suffer severe emotional distress and/or with reckless disregard of the probability of causing Plaintiff to suffer extreme emotional distress; Defendants knew the Plaintiff is particularly susceptible to such emotional distress because of his position and hopelessness. Defendants were in a special relationship with Plaintiff because they were in a position of particular power over the Plaintiff as guards at the correctional facility.

25. Plaintiff's claims damages for personal injuries and emotional distress, including, not limited to severe and extreme emotional distress, serious physical injury, mental anguish, shock, grief, humiliation, sleeplessness, anger, embarrassment, worry and nausea, as such emotional distress was so substantial and during that no reasonable person in a civil society should be expected to endure it, in an amount to be shown according to proof.

26. As a proximate result of the aforesaid acts and omissions of defendants, and each of them, Plaintiff will in the future incur doctor, medical, psychiatric, pharmaceutical and incidental expenses, in the amount to be shown according to proof.

27. The conduct perpetrated by defendants and the unknown named defendants shocked the conscience was perpetrated willfully, intentionally, oppressively, maliciously and sadistically with evil design, with conscious disregard for the rights of others and intent to harm

**FOURTH AMENDED COMPLAINT**

inflict pain and suffering and extreme emotional and mental distress on Plaintiff.

28. As a result of the conduct of defendants, except governmental entities, which were perpetrated intentionally, recklessly, wantonly, oppressively, and or with reckless disregard for the rights of Plaintiff and others, in which is so despicable that it is despised by ordinary people, Plaintiff suffered all of the damages mentioned herein, in violation of his rights under the laws of the State of California, and Plaintiff is entitled to punitive damages.

29. Plaintiff claims punitive damages against each defendant, except for the government entities, for the purpose of punishing the defendants in deterring conduct of this type in the future.

## CLAIM ONE
## DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
## FOURTH AMENDMENT/UNLAWFUL SEARCH AND SEIZURE
## (AGAINST ALL DEFENDANTS)

30. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

31. At the time of the incidents as set forth in the allegations above, the rights of the persons within the jurisdiction of the United States of America or both the 5th and 14th Amendment of the United States Constitution to Due Process of law and Equal Protection of laws as well as the right to be free from unlawful searches and seizure under the Fourth Amendment were in force and effect, and the individual defendants who engaged in conduct, as set forth above, subjected Plaintiff to unlawful seizure, deprived Plaintiff of his Constitutional Rights, which violated those rights, and violated the 14th Amendment of the United States Constitution.

32. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff, as stated elsewhere in this Complaint.

33. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

34. Plaintiff claims punitive damages against each defendant, except for the

government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

### CLAIM TWO
### DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
### FIFTH AMENDMENT/DUE PROCESS
### (AGAINST ALL DEFENDANTS)

35. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

36. At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America or both 5th and 14th Amendments of the United States Constitution to due process of law in equal protection of the laws were in force and effect and individual defendants who engaged in conduct, set forth above, subjected Plaintiff to cruel and unusual punishment, deprived Plaintiff of his constitutional rights, which violated those rights, and violated the 14th Amendment to the United States Constitution.

37. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff, as stated elsewhere in this Complaint.

38. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

39. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants and deter conduct of this type in the future to himself and fellow inmates.

### CLAIM THREE
### DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
### EIGHTH AMENDMENT/CRUEL AND UNUSUAL PUNISHMENT
### (AGAINST ALL DEFENDANTS)

40. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

**FOURTH AMENDED COMPLAINT**

41. At the time of the incidents as set forth in the allegations above, the rights of persons within the jurisdiction of the United States of America under both the 5th and 14th Amendments of the United States Constitution to due process of law and equal protection of the laws and under 8th Amendment to be free from cruel and unusual punishment were in force and effect. Individual defendants who engaged in conduct, as set forth above, subjected Plaintiff to cruel and unusual punishment, deprived Plaintiff of his constitutional rights, which violated those rights, and violated the 14th Amendment to the United States Constitution.

42. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff, as stated elsewhere in this Complaint.

43. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

44. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

45. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

### CLAIM FOUR
### DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1985
### 8TH AMENDMENT CRUEL & UNUSUAL PUNISHMENT
### (AGAINST ALL DEFENDANTS)

46. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

47. Defendants met, conferred and conspired together to engage in the conduct described herein for their own illegitimate and unlawful purposes, in violation of 42 U.S.C. §1985.

48. Said defendants acted in furtherance of this conspiracy, for the purpose of depriving Plaintiff, and potentially others, of equal protection under the law.

**FOURTH AMENDED COMPLAINT**

49. Said defendants acted in furtherance of this conspiracy, which directly and proximately caused Plaintiff injuries as set forth elsewhere in this complaint.

50. Said defendants acted in furtherance of this conspiracy, which directly and proximately deprived Plaintiff of exercising his rights and privileges granted to him is a citizen of the United States.

51. The affirmation of acts of the defendants, and each of them, support the award of exemplary and punitive damages in the amount sufficient to punish and to make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

52. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future, except for governmental entities.

### CLAIM FIVE
### DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1986
### NEGLECT TO PREVENT CIVIL RIGHTS VIOLATIONS
### (AGAINST ALL DEFENDANTS)

53. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

54. Defendants are charged under the laws of the United States of America with the duty to prevent the violation of civil rights of Plaintiff and to prevent any violation of Civil Rights which to know will take place.

55. Defendants knew of the conspiracy alleged in this complaint pursuant to 42 U.S.C. section 1985, and that defendants had committed and were continuing to commit acts in furtherance of said conspiracy to deprived Plaintiff of equal protection under the laws and in violation of Plaintiff's civil rights.

56. Defendants knew that such conduct would injure Plaintiff as well as prevent Plaintiff from exercising his rights as a citizen of the United States.

57. Defendants, through their official capacities and supervisory roles with the State of California and State of California Department of Corrections and Rehabilitation, had the power to prevent or otherwise aid in preventing the commission of the wrongful acts alleged in furtherance

1  of the conspiracy described herein.

2  58.  Despite such knowledge, defendants failed to act to prevent or to aid in the
3  prevention of such misconduct, and such failure was a flagrant disregard of their official duties as
4  law enforcement officers as well as in reckless and conscious disregard of Plaintiff's basic civil
5  rights.

6  59.  The aforementioned acts of the defendants, and each of them, support the award of
7  exemplary and punitive damages in the amount sufficient to punish and to make an example of
8  the individual defendants, as well as sufficiently deter others from committing similar conduct.

9  60.  Plaintiff claims punitive damages against each defendant, except for the
10 government entity, for the purpose of punishing the defendants in deterring conduct of this type in
11 the future, except for governmental entities

## CLAIM SIX
## DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
## MUNICIPAL/*MONELL* LIABILITY
## (STATE OF CALIFORNIA AND STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION)

16  61.  Plaintiff realleges and incorporates here each and every allegation set forth in this
17 pleading as if set forth here in full.

18  62.  Defendants, by and through defendant State of California and State of California
19 Department of Corrections and Rehabilitation, and other policymakers and/or supervisory
20 officials, knowingly, or grossly negligently, or with deliberate indifference to the constitutional
21 rights allegedly violated, rights, and to be, maintained. Further, said Defendants fostered,
22 condoned, approved of, acquiesced in, ratified, and/or to no action to correct an official policy,
23 practice, or custom of permitting the occurrence of the type of wrong set forth in this Complaint.

24  63.  Defendants State of California and State of California Department of Corrections
25 and Rehabilitation, by and through defendants State of California and State of California
26 Department of Corrections and Rehabilitation, and other policymakers and forces or supervisory
27 officials, improperly, inadequate, or with deliberate indifference to the constitutional rights of
28 persons, grossly negligently, or with reckless disregard for the constitutional rights, failed to

**FOURTH AMENDED COMPLAINT**

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

properly train, supervise, retrain, minor, or take corrective actions with respect to deputies and the law enforcement officers employed by defendants with respect to those types of wrongful conduct alleged in this Complaint, including but not limited to, the failure to enforce the laws of the State of California, unconstitutional enforcement of local ordinances of the State, the enforcement of unconstitutional ordinances and statutes, and misuse of force against inmates such as Plaintiff. Therefore, each one of them is liable legally for all injuries and/or damage and damages sustained by the claimant pursuant to the legal principle set forth in *Monell v Department of Social Services of the City of New York* (1978) 436 U.S. 658.

## CLAIM SEVEN
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

64. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

65. On or about April 12, 2016, Defendants intentionally caused serious emotion distress upon Plaintiff, MARIO A. GONZALEZ, through the extreme and outrageous conduct of all Defendants, exceeding all bounds of decency in society, wherein Defendant, wherein Defendants kicked, punched and forced human waste down Plaintiff's throat and then continued unwarranted further intentional, vicious and sadistic beatings of Plaintiff once he was returned to his cell from the infirmary for treatment from injuries arising out of the excessive force applied to his person by prison staff.

66. Defendants either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of respondeat superior; and/or Defendants are liable under conspiracy of each other.

67. As a direct, legal and proximate result of Defendants' conduct, Plaintiff, Mr. Gonzalez, suffered mental injuries and emotional distress, as a result of the conduct of all

Defendants.

68. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff, as stated elsewhere in this Complaint.

69. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

## CLAIM EIGHT
## UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §§ 51, 52, ET SEQ.
## (AGAINST ALL DEFENDANTS)

70. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

71. Plaintiff is of Hispanic descent Plaintiff believes and alleges that, in part, the acts of Defendants, and all Defendants, were motivated by hate and discrimination based on race.

72. All of the Defendants' actions and mindset, clearly contradict the statutes, laws, including but not limited to, the U.S. Constitution and the 14th Amendment, which enforces equality for all.

73. All Defendants acted in violation of the UNRUH Civil Rights Act.

74. According to the California Civil Code sections 51.7, all persons have the right to be free from violence and intimidation by threat of violence based on, among other things, race, religion, ancestry, national origin, political affiliation, sex, or position in a labor dispute. The rights protected by section 51.7 may be enforced by a private action for damages under Section 52.1, which allows a civil action and equitable relief for interference, by threats, intimidation or coercion, with the exercise of constitutional or other rights provided by law.

75. Defendants either performed the acts stated herein and are individually liable for their individual acts. Furthermore, Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of *respondeat superior;* and/or Defendants are liable

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

under conspiracy of each other.

76. As a result of the conduct of Defendants, Plaintiffs suffered damages. as described in this complaint, including actual damages within the meaning of California Civil Code section of California Civil Code §§ 51. 51.7, 52, 52.1.

### CLAIM NINE
### AMERICANS WITH DISABILITIES ACT, CALIFORNIA CIVIL CODE, §§ 54.1, 52, ET. SEQ.
### (AGAINST ALL DEFENDANTS)

77. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

78. Plaintiff has a disability, for which he is not getting adequate care, which was further worsened by the brutal and unprovoked assaults by Defendants as was described in greater detail in this Complaint.

79. Plaintiffs believe and allege that, in part, the acts of all Defendants, the rights and privileges of Plaintiffs were violated as the Defendants failed to provide full and equal access, meaningful access to, all the rights, obligations, and services of the Defendants. Defendants' actions and mindset clearly contradict the statutes, laws, including but not limited to, the U.S. Constitution and the 14th Amendment, which enforces equality for all, the American with Disabilities Act. the California Civil Code section 54.1, et. Seq.

80. According to the California Civil Code sections 54.1, all persons with disabilities shall be entitled to full and equal access, as other members of the general public, to the rights, obligations, and services of all Defendants.

81. As a direct consequence of the conduct of Defendants, Plaintiffs suffered damages. as described in this complaint, including actual damages within the meaning of California Civil Code section of California Civil Code §§ 51, 51.7, 52 and 52.1.

82. Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of respondeat superior; and/or Defendants are liable under conspiracy of

each other.

83.  As a result of the conduct of Defendants, Plaintiff is entitled to an award of exemplary damages, civil penalties, and costs and attorneys' fees, as provided by California Civil Code §§ 51, 51.7, 52. 52.1., and the ADA.

### CLAIM TEN
### ASSAULT AND BATTERY
### (AGAINST ALL DEFENDANTS)

84.  Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

85.  Plaintiff alleges, as more specifically stated in the Complaint incorporated herein, that Defendants intentionally caused reasonable apprehension of immediate harm which caused harm to Plaintiff resulting in assault. All Defendants, at all times mentioned, were acting under color of law, apparent authority, vicarious liability, and/or respondent superior of California Department of Corrections & Rehabilitation.

86.  Plaintiff alleges, as more specifically stated in the Factual Allegations incorporated herein, that Defendants intentionally caused physical harm that was not consented, excused or justified. Plaintiff, Mr. Gonzalez, suffered harm, both physical and emotional, resulting in battery.

87.  Defendants either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of respondeat superior, and/or Defendants are liable under conspiracy of each other.

88.  As a direct and proximate result of the alleged assault and battery, Plaintiff suffered physical and psychological injuries to his body and mind.

89.  The conduct of Defendants, as described herein, was intentional, malicious, unprivileged, despicable, outrageous, and so vile, base, contemptable, criminal, miserable, wretched, and loathsome that it is looked down upon and despised by ordinary decent people, and

1 this conduct was directed at Plaintiff by Defendants with the intent that it would harm Plaintiff
2 and cause Plaintiff to suffer physical pain and severe emotional distress and/or with reckless
3 disregard of the probability of causing Plaintiff to suffer physical pain and extreme emotional
4 distress; defendants knew the Plaintiff is particularly susceptible to emotional distress because of
5 his position and hopelessness and suffering under a physical disability.

90. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in the amount sufficient to punish and to make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

91. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

## CLAIM ELEVEN
## USE OF EXCESSIVE FORCE
## (AGAINST TO ALL DEFENDANTS)

92. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

93. On April 12, 2016, Defendants, exceeded any and all bounds of privilege of any defense, in the handling and treatment of Plaintiff during the search of his cell as well as upon his return to the cell after being taken to the infirmary as described in detail in this Complaint.

94. As a proximate result, all Defendants, directly and through the acts of each of other, ratified the behavior of each other, adopting the conduct of each other, the liability of each other, by and through, including but not limited to, the doctrines of respondeat superior, vicarious liability, conspiracy, apparent authority, agency, are in violation of Civil Code Sections 51, 52, 3294, et seq.

95. As an actual and proximate result of all of the Defendants' conduct, Plaintiffs have suffered, and continue to suffer, general and special damages, including but not limited to, physical and mental injuries, medical expenses, losses in future earnings, and other employment benefits and have suffered and continue to suffer pain, suffering, embarrassment, humiliation,

emotional distress, severe emotional distress, and mental anguish in an amount according to proof.

96. The conduct of Defendants, as described herein, was intentional, malicious, unprivileged, despicable, outrageous, and so vile, base, contemptable, criminal, miserable, wretched, and loathsome that it is looked down upon and despised by ordinary decent people, and this conduct was directed at Plaintiff by Defendants with the intent that it would harm Plaintiff and cause Plaintiff to suffer physical pain and severe emotional distress and/or with reckless disregard of the probability of causing Plaintiff to suffer physical pain and extreme emotional distress; defendants knew the Plaintiff is particularly susceptible to emotional distress because of his position and hopelessness and suffering under a physical disability

97. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in the amount sufficient to punish and to make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

98. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

**PRAYER**

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. General and Special Damages in an amount an amount as proved;
2. Treble and punitive damages, including but not limited to Civil Code §51, § 52, § 3294. Civil penalty of $25,000 under Civil Code § 51, § 52;
3. Attorney's fees and costs of litigation, including but not limited to: Civil Code §52, Title 42 United States Code section 1983, and 1988, Government Code section 835, et. seq;
4. Punitive Damages to individual defendants only; and
5. Such other and further relief as the Court deems appropriate.

//
//

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial

Executed this 29th day of August 2019, San Fernando, CA 91340.

                                                Law Office of Everardo Valencia,
A Professional Law Corporation.

_/s/ Everardo Vargas Valencia_
Everardo Vargas Valencia
Attorney for Plaintiff,
MARIO A. GONZALEZ

## PROOF OF SERVICE (1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA          )
                             )  ss.
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 5803 Rainbow Hill Rd., Agoura Hills, California 91301.

On August 29, 2019, I served the foregoing documents as:

**FOURTH AMENDED COMPLAINT**

on interested parties in this action by:

☒ U.S. Mail     ☐ Personal Service     ☐ Email Service     ☐ Fax Service

☒ Placing true copies thereof enclosed in sealed envelopes addressed as follows, and mail to:

| High Desert State Prison<br>P.O. Box 3030<br>Susanville, CA 96127<br>CDCR# AG-7688 | |

☒ I deposited such envelope in the mail at Los Angeles County, California. The envelope was mailed with postage thereon fully prepaid.

☒ I caused such envelope with postage thereon for mail fully prepaid to be placed in the United States mail at Los Angeles County, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles County, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on August 29, 2019, at Los Angeles County, California.

/S/ MarcoBonilla
MARCO BONILLA

**PROOF OF SERVICE**