LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC
Everardo Vargas Valencia, Esq., SBN 131412
601 South Brand Boulevard - Suite 200
San Fernando, California 91340
Telephone: (818) 361-6662
Facsimile: (818) 361-8046
Attorney For Plaintiff, Mario A. Gonzalez

XAVIER BECERRA, State Bar No. 118517
Attorney General of California
TRACY S. HENDRICKSON, State Bar No. 155081
Supervising Deputy Attorney General
JANET N. CHEN, State Bar No. 283233
Deputy Attorney General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7319
  Fax: (916) 324-5205
  E-mail: Janet.Chen@doj.ca.gov
*Attorneys for Defendants*
  *CDCR, Newsom, Kernan, Baughman, Lewis, Burke, Miner, Clough, Grinde, Cross, Walker, Leech, Stake, Sparks, Kinn, Valine, Ross, Byers, and Bodenhamer*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>                             Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>                            Defendant. | 2:17-cv-00176-WBS-DMC<br><br>**JOINT SCHEDULING STATEMENT**<br><br><br>Judge:       The Hon. Dennis M. Cota<br>Trial Date:  None set<br>Action Filed: January |

The parties submit this Joint Scheduling Statement in accordance with the Court's March 30, 2020 Order (ECF No. 48.) The scheduling conference set for May 13, 2020, is submitted on the joint scheduling report. (*Id.*)

    **A.**    **Service of Process.**

On October 1, 2019, the Court ordered service of process be completed within 90 days from the date of the order (or by January 1, 2020), set an initial scheduling conference on January 15, 2020, and ordered that a scheduling conference statement be submitted on or before January 8, 2020. (ECF No. 37.) On January 10, 2020, the Court issued an order to show cause against

1

Plaintiff why the action should be dismissed for lack of prosecution, because Plaintiff had not yet effected service of process on any named Defendant. (ECF No. 38.) On February 10, 2020, Plaintiff's attorney Mr. Valencia filed a declaration under penalty of perjury swearing that "his office sent out the summons and complaint with the appropriate service of process form to the US Marshall Service to effectuate service of process." (ECF No. 41.) Mr. Valencia further swears that "his office has been in regular contact with the Litigation Coordinator at High Desert State Prison to try to serve the named Defendants." (*Id.*) The Court discharged the Order to Show Cause, and set an Initial Scheduling Conference for May 13, 2020, at 10:00 a.m. in Redding. (ECF No. 43.)

Service of process has now been effectuated on all Defendants named in Plaintiff's screened Fourth Amended Complaint (the operative complaint). All Defendants have accepted service and are represented by the Attorney General's Office.

### B.   Possible Joinder of Additional Parties.

The parties do not anticipate joinder of additional parties at this time.

### C.   Any Expected or Desired Amendment of the Pleadings.

Plaintiff initiated this action pro se on January 26, 2017, and filed a first, second, and third amended complaint. Attorney Everardo Vargas Valencia substituted in as counsel for Plaintiff on July 31, 2019, and filed a Fourth Amended Complaint (the operative complaint) on August 29, 2019. (ECF No. 33.) On April 23, 2020, Defendants filed a motion under Federal Rule of Procedure 12(b)(6) to dismiss the Fourth Amended Complaint. (ECF No. 50.) Plaintiff's counsel requested a stipulation to allow an amended complaint to cure the deficiencies raised in Defendants' motion. However, Defendants informed Plaintiff's counsel that Rule 15(a)(1)(B) allows a party to amend once as a matter of course within 21 days after a 12(b) motion and that a stipulation is not needed. Therefore, Plaintiff has until May 14, 2020, to file an amended complaint.

**D. Jurisdiction and Venue.**

The Court has subject-matter jurisdiction over the case under 28 U.S.C. §§ 1331 and 1343. The acts or omissions giving rise to Plaintiffs' claims as alleged in the complaint arose in this district. Thus, under 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of California.

**E. Anticipated Motions and the Scheduling Thereof.**

If the deficiencies raised in Defendants' motion to dismiss the Fourth Amended Complaint are not cured, Defendants will likely file another motion to dismiss.

**F. The Proposed Discovery Plan Developed Pursuant to Federal Rule of Civil Procedure 26(f).**

The parties stipulate to the following dates to complete discovery:[1]

(a) A firm date for the exchange of initial Rule 26(a)(1) disclosures or a statement that disclosures have already been exchanged—**June 29, 2020**;[2]

(b) A firm deadline for conducting non-expert discovery—**December 29, 2020**;

(c) Firm date(s) for disclosure of expert witnesses as required by Rule 26(a)(2):

    (i) Expert Disclosures—**January 12, 2021**;

    (ii) Rebuttal/Supplemental Expert Reports—**January 26, 2021**;

(d) A firm cut-off date for expert witness discovery—**February 25, 2021**;

(e) If applicable:

    (i) Any proposed changes in the limits on discovery imposed by Rule 26(b); 30(a)(2)(A), (B), or (C); 30(d); or 33(a)—**The parties propose that discovery responses will be due within forty-five days instead of thirty days**;

    (ii) Defendants will seek protective orders for peace officer personnel files and any prison operating procedures, the disclosure of which could endanger the safety and security of prison personnel and the institution.

---

[1] The parties agree to these dates, but anticipate the dates may need to be modified depending on the result of Defendants' motion to dismiss.

[2] Additional time beyond 30 days after the scheduling conference is requested because Defendants anticipate that Plaintiffs will file a Second Amended Complaint after Defendants file a motion to dismiss. Defendants' intend to file a motion to dismiss on July 16, 2018, and under Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiffs have 21 days (or until August 6, 2018) to amend their complaint.

        (iii)   Defendants anticipate that they take the deposition of Plaintiff.

**G.    Settlement**

This section addresses the parties' respective thoughts on the potential for settlement and specific recommendations regarding settlement procedures and timing, including whether a settlement conference should be scheduled and if so when, and whether referral to the court's voluntary dispute resolution program (see local rule 271) is appropriate in this case.

*Plaintiffs' Statement*

Plaintiffs' counsel spoke to with Defense counsel from the Department of Justice, Janet Chen, and agreed that Plaintiff will file a fifth amended complaint to correct the deficiencies in the pleadings. Plaintiff recognizes that some of the causes of action may be dismissed but, asserts forcefully, that some of the causes of action will survive the motion to dismiss. Plaintiff believes that a settlement conference would be beneficial and constructive in this matter.

*Defendants' Statement*

The parties have not yet discussed settlement. Defendants are confident that the majority of Plaintiff's claims will be dismissed on Defendants' motion to dismiss. Defendants are cognizant, however, that Plaintiff's excessive force claims (which Defendants did not move to dismiss) may proceed to trial. For this reason, Defendants are willing to consider the possibility of early settlement, and believe that a settlement conference would be productive. However, due to the lack of liability on Defendants' part, Defendant are only willing to settle for a nominal amount to avoid the cost of trial.

**H.    Future Proceedings, Including Setting Appropriate Cutoff Dates for Discovery and Law And Motion and the Scheduling of a Pretrial Conference and Trial.**

The parties agree to the following deadlines for:

(a)    Filing

    (i)    Non-dispositive motion deadline—**March 11, 2021**;

    (ii)    Filing and hearing dispositive pre-trial motions—**March 29, 2021 (filing); May 10, 2021 (hearing)**;

(b)    Pre-Trial Conference date—**August 10, 2021**;

4

(c)   Trial date—**October 5, 2021.**[3]

I.   **Modification of Standard Pretrial Procedures Specified By the Rules Due to the Relative Simplicity or Complexity of the Action or Proceedings.**

N/A.

J.   **Whether the Case Is Related to Any Other Case, Including Matters in Bankruptcy.**

Defendants are not aware of any other related matters pending in this Court or any other Court.

K.   **Whether Counsel Will Stipulate to the Magistrate Judge Assigned to this Matter Acting as Settlement Judge and Waiving Any Disqualifications by Virtue of Him So Acting, or Whether They Prefer to Have a Settlement Conference Before Another Judge.**

Defendants' counsel will not stipulate to the magistrate judge assigned to this matter acting as settlement judge. Defendants prefer to have a settlement conference before another magistrate judge.

L.   **Any Other Matters that May Add to the Just and Expeditious Disposition of this Matter.**

Defendants request that Plaintiff stipulate to dismiss Defendants CDCR, Newsom, Kernan, and Baughman; federal claims under the Fourth Amendment, Fifth Amendment, §§ 1985 and 1986, and the Americans with Disabilities Act; and all state law claims, so as to avoid Defendants filing another motion to dismiss.

---

[3] Defendants estimate that a jury trial on Plaintiff's excessive force claims will take two to three days.

1 | Dated: May 6, 2020

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
TRACY S. HENDRICKSON
Supervising Deputy Attorney General

*/s/ Janet Chen*

JANET N. CHEN
Deputy Attorney General
*Attorneys for Defendants*
*CDCR, Newsom, Kernan, Baughman, Lewis,*
*Burke, Miner, Clough, Grinde, Cross,*
*Walker, Leech, Stake, Sparks, Kinn, Valine,*
*Ross, Byers, and Bodenhamer*

Dated: May 6, 2020

Respectfully Submitted,

By: */s/ Everado Valencia*
Everado Valencia
Attorney for Plaintiff

SA2020300132
33969633.docx