LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC
Everardo Vargas Valencia, Esq., SBN 131412
601 South Brand Boulevard – Suite 200
San Fernando, California 91340
Telephone:      (818) 361-6662
Facsimile:       (818) 361-8046

Attorney for Plaintiff, MARIO A. GONZALEZ

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISCTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. GONZALEZ,<br><br>Plaintiff<br><br>v.<br><br>GAVIN NEWSOM, ET AL.,<br><br><br><br>Defendants. | Case No.:  2:17-cv-00176-WBS-DMC<br><br>**PLAINTIFFS' MOTION TO SET ASIDE ORDER PERSUANT TO USCS Fed Rules Civ Proc R 60(b); DECLARATION OF EVERARDO VARGAS VALENCIA IN SUPPORT OF MOTION TO SET ASIDE ORDER** |

TO THE COURT AND TO COUNSEL OF RECORD:


HERE COMES MARIO A. GONZALEZ, PLAINTIFF, who seeks/ to have the order of May 21, 2020 submitting on the record and briefs without oral argument, set aside pursuant to USCS Fed Rules Civ Proc R 60(b)(1) based on mistake, inadvertence, surprise, or excusable neglect.

//
//
//
//
//

**PLAINTIFFS' MOTION TO SET ASIDE ORDER PERSUANT TO USCS Fed Rules Civ Proc R 60(b); DECLARATION OF EVERARDO VARGAS VALENCIA IN SUPPORT OF MOTION TO SET ASIDE ORDER**

*Everardo Vargas Valencia, Esq.*
*601 South Brand Blvd., Suite 200*
*San Fernando, CA 91340*

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

## I.   FACTUAL BACKGOUND

Plaintiff, an inmate, brought this civil rights abuse action arising out of alleged violations of his constitutional rights at the hands of prison officials.

Plaintiff alleged eleven causes of action:

1.   42 U.S.C. § 1983 – 4th Amendment/Search and Seizure.

2.   42 U.S.C. § 1983 – 5th Amendment/Due Process of Law

3.   42 U.S.C. § 1983 – 8th Amendment/Cruel & Unusual Punishment

4.   42 U.S.C. § 1985 – Conspiracy to Deprive Civil Rights

5.   42 U.S.C. § 1986 – Neglect to Prevent Civil Rights Violation

6.   42 U.S.C. § 1983 – Municipal/Monell Liability

7.   Intentional Infliction of Emotional Distress

8.   Violation of Unruh Civil Rights Act Civil Code § 51, § 52

9.   Violation of ADA and Civil Rights § 54.1

10. Assault & Battery

11. Use of Excessive Force

Plaintiff, if permitted, will be amending the complaint to exclude 6th, 8th and 9th causes of action. Plaintiff will further modify the complaint alleging 14th Amendment violation rather than 5th Amendment violation.

Should the court proceed as currently ordered, Plaintiff humbly requests that Plaintiff be granted an opportunity to cure any defects that this honorable court finds.

## II.   DISCUSSION

Federal Rule of Civil Procedure 60(b), in relevant section, grants district courts discretion relieve a party from a default judgment **or order** for reason of mistake, inadvertence, surprise excusable neglect.  When a default is challenged on the grounds of excusable neglect, three factors inform the court's exercise of discretion.

Federal Rule of Civil Procedure 60(b) provides for relief from judgment or order in certain circumstances. Subsection (b)(1) lists "mistake, inadvertence, surprise or excusable

Pg. - 2 -

1   neglect" as possible grounds. Subsection (b)(6) refers to "any other reason justifying relief from

2   the operation of the judgment." Relief under (b)(1) requires that the motion be made within one

3   year from the date of the judgment; a motion pursuant to (b)(6) must be made only within "a

4   reasonable time."

5        As a general matter, Rule 60(b) is "remedial in nature and . . . must be liberally applied."

6   (*Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam).)

7       1.  CULPABLE CONDUCT:

8        Culpable conduct is established when conduct is willful, deliberate, or where there is

9   evidence of bad faith. If the party offers a credible and good faith explanation negating any

10  intention to take advantage of the other party, interfere with judicial decision making, or

11  otherwise manipulate the legal process, it is not necessarily, although it may be, culpable or

12  excusable. (*TCI Group Life Insurance Plan v. Knoebber*, 244 F.3d 691, 697-698) (9th Cir. 2001)

13       In present instance, Plaintiffs' conduct, in terms of not filing a response to Defendants'

14  Motion to Dismiss was based on a misunderstanding. After Plaintiff was served with the Motion

15  to Dismiss. Plaintiff realized that there were, arguably, some deficiencies in the compliant that

16  Plaintiff believed could be cured by amending the complaint. To that end, Plaintiffs' counsel

17  contacted Defense Counsel and asked for consent to amend the complaint, in an attempt to

18  address some of the deficiencies that Defense counsel thought were present and a basis for their

19  Motion to Dismiss. At first, Defense counsel informed Plaintiff that they had the right to amend

20  as a matter of right pursuant to Rule 15(a)(1)(B) allows a party to amend once as a matter of

21  course within 21 days after a 12(b) motion.  Since this was Defendants' first 12(b) motion,

22  consent to amend was not necessary.

23       However, due to the Covid-19 crisis and all of the logistical challenges that come with it

24  and the fact that Plaintiffs' access to secure communications with his counsel is limited, because

25  Plaintiff is in prison in a different part of the State. These difficulties, including minimal staff due

26  to Covid-19, Plaintiffs' counsel asked for additional time to amend the complaint. Defense

27  counsel very graciously agreed to the extension.

28

**PLAINTIFFS' MOTION TO SET ASIDE ORDER PERSUANT TO USCS Fed Rules Civ
Proc R 60(b); DECLARATION OF EVERARDO VARGAS VALENCIA IN SUPPORT OF
MOTION TO SET ASIDE ORDER**

*Everardo Vargas Valencia, Esq.*
*601 South Brand Blvd., Suite 200*
*San Fernando, CA 91340*

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

1    Due to these circumstances, Plaintiffs' counsel was under a good faith, but incorrect

2  impression, that the ability to amend would preclude the need to respond to the Motion to

3  Dismiss. For that error, Plaintiffs' counsel is deeply sorry.

4    2.  REASONABLE OF TIME:

5    Less than one month passed between the filing of the Motion to Dismiss and the filing of

6  this request to set aside the order and only 1 day from the issuance of the May 21, 2020 order

7  stating that the June 3, 2020 hearing on Defendants' Motion to Dismiss is to be determined only

8  the record and briefs without oral argument or consideration of Plaintiffs' inadvisably unfiled

9  opposition to the Motion to Dismiss.

10    3.  BALANCING OF EQUITIES:

11    Published cases suggest that a district court is not limited in its discretion to set aside a

12  default judgment under Rule 60(b)(1) where the defendant has a meritorious defense and any

13  prejudice can be cured...the Supreme Court's decision in Pioneer Investment Services, which

14  describes the inquiry into "excusable neglect" as "at bottom an equitable one, taking account of

15  all relevant circumstances surrounding the party's." 507 U.S. at 395. (*Brandt v. Am. Bankers Ins.*

16  *Co.* (9th Cir. 2011) 653 F.3d 1108, 1112).

17    Plaintiff will suffer significant prejudice should this motion be denied because Plaintiff

18  was operating under an honest, but mistaken belief, that Plaintiff could amend the complaint to

19  address the issue raised by Defendant, as explained in detail above.

20    Defendant will suffer no prejudice because Defendant was gracious enough to grant

21  Plaintiff permission to amend the complaint beyond the deadline pursuant to Rule 15(a)(1)(B)

22  allows a party to amend once as a matter of course within 21 days after a 12(b) motion.

23    Given the seriousness of the allegations made by Plaintiff of abuse and torture by prison

24  officials and the extent of injuries sustained, the interest of justice requires that the matter be

25  resolved on the merits.

26    Plaintiff humbly asks that the court allow Plaintiff time to either file a response to

27  Defendants' Motion to Dismiss, in which Plaintiff will ask for leave to amend. Or, in the

28

Pg. - 4 -

**PLAINTIFFS' MOTION TO SET ASIDE ORDER PERSUANT TO USCS Fed Rules Civ
Proc R 60(b); DECLARATION OF EVERARDO VARGAS VALENCIA IN SUPPORT OF
MOTION TO SET ASIDE ORDER**

1  alternative, Plaintiff would like leave to Amend the complaint and give Defendant an opportunity

2  to respond in whatever manner they see fit and proper.

3

4

5  Executed this 22nd day of May 2020, San Fernando, CA 91340.

6

7                              Law Office of Everardo Valencia,
                               A Professional Law Corporation.
8

9                              _____
                               Everardo Vargas Valencia
10                             Attorney for Plaintiff,
                               MARIO A. GONZALEZ
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                        Pg. - 5 -
28
**PLAINTIFFS' MOTION TO SET ASIDE ORDER PERSUANT TO USCS Fed Rules Civ
Proc R 60(b); DECLARATION OF EVERARDO VARGAS VALENCIA IN SUPPORT OF
MOTION TO SET ASIDE ORDER**

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

## PROOF OF SERVICE (1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA       )

                               )     ss.

COUNTY OF LOS ANGELES  )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 601 S. Brand Blvd., Suite 200, San Fernando, CA 91340.

      On May 22, 2020, I served the foregoing documents as:

**PLAINTIFFS' MOTION TO SET ASIDE ORDER PERSUANT TO USCS Fed Rules Civ Proc R 60(b); DECLARATION OF EVERARDO VARGAS VALENCIA IN SUPPORT OF MOTION TO SET ASIDE ORDER**

      on interested parties in this action by:

☒ U.S. Mail      ☐ Personal Service      ☒ Email Service      ☐ Fax Service

      ☒ Placing true copies thereof enclosed in sealed envelopes addressed as follows, and mail to:

| | |
|---|---|
| Janet N. Chen. Deputy Attorney General 1300 I Street, Suite 125 P.O. Box 944255 Sacramento, CA 94244-2550 | Janet Chen <Janet.Chen@doj.ca.gov> |

      ☒    I deposited such envelope in the mail at Los Angeles County, California. The envelope was mailed with postage thereon fully prepaid.

      ☒    I caused such envelope with postage thereon for mail fully prepaid to be placed in the United States mail at Los Angeles County, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles County, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

      ☒    I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

      Executed on May 22, 2020, at Los Angeles County, California.

**PROOF OF SERVICE**