**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No.  2:17-CV-0176-WBS-DMC<br><br><br><br>ORDER |

   Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court are defendants' motion to dismiss plaintiff's fourth amended complaint, ECF No. 50, and plaintiff's motion for reconsideration, ECF No. 54.

   The pending motion to dismiss challenges the sufficiency of plaintiff's fourth amended complaint, filed on August 29, 2019.  Defendants' motion was initially set for hearing on June 3, 2020.  After plaintiff failed to file a timely opposition, the Court issued an order on May 21, 2020, vacating the June 3, 2020, hearing and submitting defendants' motion on the papers without oral argument.  See ECF No. 52.  On May 22, 2020, apparently in response to defendants' motion to dismiss and in lieu of an opposition, plaintiff filed a fifth amended complaint.  See ECF No. 53.  Concurrent with that filing, plaintiff filed a motion for reconsideration of the Court's May 21, 2020, order vacating the June 3, 2020, hearing.  See ECF

1    No. 54.  On June 4, 2020, defendants filed a request that the Court screen plaintiff's fifth
2    amended complaint.
3         According to the parties, plaintiff did not file an opposition to defendants' motion
4    to dismiss the fourth amended complaint because he intended to file a fifth amended complaint
5    addressing the deficiencies noted in defendants' motion.  Also according to the parties,
6    defendants' counsel informed plaintiff's counsel that defendants' consent to the further
7    amendment was not required because plaintiff is free to amend once as of right.  Finally, the
8    parties state that defendants' counsel agreed to an extension of time to file a fifth amended
9    complaint.
10        A review of the docket reflects that plaintiff's as-of-right amendment occurred
11   with the filing of the first amended complaint on August 28, 2017.  Because the first amended
12   complaint was filed as of right, the Court denied plaintiff's motion for leave to file a first
13   amended complaint as unnecessary.  See ECF No. 13.  Since the first amended complaint was
14   filed, plaintiff was granted leave of Court to file a second, third, and finally a fourth amended
15   complaint.  See ECF Nos. 19, 27, and 32.  Given this history, the filing of a fifth amended
16   complaint must be upon leave of court or stipulation.
17        Based on the parties' representations outlined above, the Court finds that
18   defendants' have in essence stipulated to the filing of the fifth amended complaint for several
19   reasons.  First, they were in error in stating that a fifth amended complaint may be filed as of right
20   without stipulation.  Second, defendants later stipulated to an extension of time to file a fifth
21   amended complaint.  Third, defendants appear to concede that the action should proceed on the
22   fifth amended complaint by way of their request that the Court screen the fifth amended
23   complaint.
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

Accordingly, IT IS HEREBY ORDERED that:

1. This action proceeds on plaintiff's fifth amended complaint, ECF No. 53, which the Court deems properly filed;

2. Defendants' motion to dismiss the fourth amended complaint, ECF No. 50, which challenges a superseded pleading, is stricken and the Clerk of the Court is directed to terminate this filing as a pending motion;

3. Plaintiff's motion for reconsideration, ECF No. 54, of the Court's order vacating the hearing on defendant's motion to dismiss the fourth amended complaint is denied as moot;

4. Defendants' request for screening of the fifth amended complaint, ECF No. 56, is granted; and

5. By separate order, the Court will address the sufficiency of the fifth amended complaint.

Dated: September 18, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE