LAW OFFICES OF EVERARDO VARGAS VALENCIA, APC
Everardo Vargas Valencia, Esq., SBN 131412
601 South Brand Boulevard – Suite 200
San Fernando, California 91340
Telephone:   (818) 361-6662
Facsimile:    (818) 361-8046

Attorney for Plaintiff, MARIO A. GONZALEZ

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISCTRICT OF CALIFORNIA

| MARIO A. GONZALEZ, | Case No.: 2:17-cv-00176-WBS-DMC |
|---|---|
| Plaintiff | **SIXTH AMENDED COMPLAINT** |
| v. | 1. 42 U.S.C. § 1983 – 4th Amendment/Search and Seizure. |
| GAVIN NEWSOM, ET AL., | 2. 42 U.S.C. § 1983 – 14th Amendment/Due Process of Law |
|  | 3. 42 U.S.C. § 1983 – 8th Amendment/Cruel & Unusual Punishment |
|  | 4. 42 U.S.C. § 1985 – Conspiracy to Deprive Civil Rights |
| Defendants. | 5. 42 U.S.C. § 1986 – Neglect to Prevent Civil Rights Violation |
|  | 6. Intentional Infliction of Emotional Distress |
|  | 7. Assault & Battery |
|  | 8. Use of Excessive Force |

TO THE COURT AND TO COUNSEL OF RECORD:

HERE COMES MARIO A. GONZALEZ, PLAINTIFF, WHO ALLEGES AGAINST ALL DEFENDANTS AS FOLLOWS:

## I.   PARTIES

1. Defendants, and each of them, did the acts and omissions alleged herein in bad faith and with knowledge that the conduct violated well established and settled law.

2. Each and every defendant who is a natural person is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

3. Each and every defendant officer and healthcare provider, in their individual and official capacity is an employee of a Public Entity (as that term is understood in Govt. Code

§815.2) who at all times relevant to these allegations, was acting under color of state law.

4. At all times material herein, defendants, and each of them, were acting as the employees, agents, representatives, and officers of every other defendant herein, and within the course and scope of such employment and agency.

## II. JURISDICTION

5. This is a civil action arising under the Construction and land of the United States, and this Honorable Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## III. FACTS COMMON TO ALL CLAIMS

6. Each and every allegation set forth in each and every allegation of this Complaint hereby is incorporated by this reference in each and every other allegation, or cause of action in this Complaint.

7. Plaintiff was deprived of interests protected by the Constitution and/or law of the United States of America and suffered injuries to his person, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

8. All acts and/or omissions perpetrated by each defendant, except any governmental entities defendants in his/her official capacity or any defendant only, were engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard for the rights of Plaintiff and others.

9. Plaintiff, Mario A. Gonzalez is a disabled state prisoner that is currently incarcerated at CSP – LAC.

10. Plaintiff brings this action, in part, under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that his constitutional rights were violated by prison officials. He was subjected to physical and psychological abuse at the hands of prison guards, named in body of this complaint, that was visited upon Plaintiff in a sadistic and vicious manner in violation of Plaintiffs' clearly established Constitutional Rights resulting in his confinement to a wheelchair.

11. Plaintiff also alleges, that the medical staff at the prison, as well as personnel in Internal Affairs, covered up the misconduct of fellow officers by purposefully failing to document

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

the abuse and report to their superiors and other proper authorities. Plaintiff further alleges, that supervisors and those crafting, implementing and enforcing policies, in the administration of the correctional facility, demonstrated a conscious disregard to the constitutional rights of Plaintiff in connection with the abuse Plaintiff suffered at the hands of the prison guards and the violations of his Constitutional rights.

12. By failing to protect Plaintiff from foreseeable abuse, failing to discipline the guards, and failing to provide proper training so that said corrections officers would not exercise excessive force and torture on Plaintiff after being put on notice of the application of excessive force upon Plaintiff as well as other inmates that were brutally beaten.

13. The principle abusers in this case were Officer Burke, Officer Cross, Officer Valine, Office Lewis, Lieutenant Bales, Captain Clough, Office Kinn, Office Leech, Kevin Grinde, and Officer Spark. For his part, Dr. Bodenhamer withheld pertinent medical information from Plaintiff that materially added to Plaintiff's injuries and suffering. Dr. Bodenhamer, as a medical professional, had a duty to disclose all medical information to Plaintiff, his patient.

14. On March 10, 2016, Plaintiff notified his primary clinician, Dr. Ross, a psychologist, that Plaintiff was in fear for his safety because he was aware that five officers at A-2 P.S.U. Sacramento were engaging in illegal beatings of fellow inmates.

15. On April 12, 2016 Defendants, Officer Burke and Officer Cross, entered Plaintiffs' cell to conduct a search. To execute the search, Plaintiff would have to exit the cell. Plaintiff did not physically resist the search. However, out of fear for his personal safety, given his knowledge of the history of abuse by the officers, Plaintiff requested that a supervisor in charge or a lieutenant be present during the search of the cell. Nevertheless, Defendant, Officer Cross refused to call the supervisor or to inform the supervisor of said request; Lieutenant Bales was the supervisor on duty of the date of the incident.

16. Officer Cross, seemingly displease that the Plaintiffs' reasonable request for the presence of a supervisor, stepped away from the cell and gathered additional officers/Defendants, Burke, Valine and Lewis and returned to the cell. Then, Officer Cross signaled for control officer to open Plaintiff's cell door. After Plaintiffs' cell door was opened, Officer Cross handcuffed the

left hand of Plaintiff and began to punch him in the left side of his body. Officer Cross then proceeded to apply wrestlers hold known as a "full nelson" thereby exposing Plaintiff's right-side ribs and back area. At this point, Defendants Officer Valine, Lewis and Burke took turns kicking Plaintiff in the back and rib area of his body with their boots. While Plaintiff was being held in the wrestlers hold that rendered him helpless to protect himself from the violence of the officers.

17. Defendant, Officer Valine continued to mercilessly kick Plaintiff. At the same time, Officer Burkes was twisting Plaintiff's left foot so hard that it caused Plaintiff's ADA brace to come off along with his shoe. Contemporaneously, Officer Cross applied so much pressure to Plaintiff's person that he felt that his back was going to snap.

18. The torture and abuse then continued by Plaintiff being dragged to the sink area where Officer Cross held Plaintiff in the position and then Officer Burke ordered Officer J. Lewis was to pour urine and feces mixture into his mouth. Office Lewis complied with the order. Plaintiff attempted to spit out the mixture of human waste poured into his mouth by the officers, however because he was being chocked by Officer Cross at the time, Plaintiff was unable to do so. Then, Officer Lewis kicked Plaintiff in the groin and twice in the testicles. The entire beating lasted 20 to 30 minutes.

19. The beatings were not done for any legitimate penological interest. Instead, the beating was in retaliation for Complaints Plaintiff made to Internal Affairs regarding prisoner abuse at the hands of the guards. This is evidenced from the fact that, as the officers were beating, choking, and kicking Plaintiff, the officers interrogated Plaintiff about an Internal Affairs reports that Plaintiff had made on February 16, 2016 and March 10, 2016 so that prison officials would be put on notice of the violations of their employees (officers) and to take the necessary corrective actions. No corrective actions were taken by the said supervisors.

20. When the unprovoked and savage beating finally came to a stop, said officers started to yell at Plaintiff to get up and walk, even though they knew that Plaintiff could not walk without his walker. They yelled "stop faking it." Plaintiff was then put it waist restraints and the handcuffs that Officer Cross put on him before the beating began were taken off.

21. Plaintiff was finally taken to a medical facility where the treating staff, instead of

providing medical care and investigating the cause for the injuries, refused to accurately record the nature and extent of the physical damage sustained by Plaintiff, but instead, concealed the excessive force applied to Plaintiff by the Officers in their report.

22. Prior to being transported back to his cell, from the infirmary, Plaintiff was already properly restrained on the gurney, Captain Clough proceeded to tie Plaintiff down even further with sheets, thereby rendering Plaintiff unable to move. As Plaintiff was being transported back to his cell via the gurney, Defendants Officers Kinn and Leech started hitting the restrained Plaintiff in the face without cause or justification. At the same time, a female Defendant, Officer Walker, was pressing down on Plaintiff's knee area inward in an apparent attempt to break his knee.

23. Upon being returned to his cell, while Plaintiff was still laying on a gurney, Defendant, Sergeant Byers, grabbed Plaintiff under his jaw with both hands and began pulling him upwards with great pressure, inflicting further unnecessary pain and suffering. Sgt. Byers then stated, "you're getting everything you deserve." This was said and done in the presence of Captain Clough. Captain Clough did nothing to stop this violation demonstrating that such uncalled-for violent conduct by guards was commonly accepted and approved of practice by their supervisors.

24. Plaintiff's injuries were further compounded. Upon return to his cell, Officer Lewis squeezed Plaintiffs' testicles and hit him in the testicular area with a metal detector, again, without just cause or provocation and in violation of Plaintiff's Constitutional Rights. Then Officer Cross removed Plaintiffs' cuffs attached to the waist restraints, then, without just cause or provocation and with evil intent, began punching Plaintiff in the face. Officer Cross stated to Plaintiff, "I've been waiting to fuck you up."

25. Plaintiff's constitutional rights were further violated because, after the Officers were done beating him upon arrival at his cell, he was then sat down on the ground and Officer Burke put the entire weight of his body on Mr. Gonzalez's back such that his chin was being forced down to the ground.

26. On 4/13/2016, Plaintiff filled out a CDCR7362 "Sick Call Slip" because his ribs

and back still hurt and he was finally provided with an X-Ray. D. Bodenhamer confirmed a fracture of the eighth rib, however the fact that Plaintiff had a fractured back was withheld from him by defendant Bodenhamer in an act of deliberate indifference to Plaintiffs rights. It was not until Plaintiff was transferred to R.J. Donovan Correctional Facility, in September 2016, that Plaintiff was told that he had a compressed fracture of his back.

27. In Plaintiffs' actions, the corrections officers named in this complaint, failed to comply with the Department of Corrections written guidelines that instruct how correction officers and staff are to deal with inmates with mental health challenges in connection with use of force, all of the procedures were ignored. Rather, the custom and practice of violence and deliberate indifference to the rights of prisoners were applied by the officers that caused the harm suffered by Mr. Gonzalez.

28. As for defendant Sparks, Sparks interfered with Plaintiffs' right to file a complaint in connection with the violation of his rights by threatening him with writing Plaintiff up if Plaintiff were to file a complaint. While corrections officers have the authority to "write up" inmates, for whom they are responsible, for rule(s) violation(s), Officer Sparks abused his authority by using his "write up" power to coerce Mr. Gonzales into silence in matters involving legitimate inmate abuse allegations.

29. All of the foregoing acts/omissions by the Prison authorities demonstrated a deliberate indifference to Plaintiff's well-established Constitutional rights because administration was on notice of the use of excessive force being applied to the inmates as a matter of common practice in the institution.

30. The use of force described in this complaint has no plausible connection with any legitimate penological interests of operating a prison. Instead, the physical, emotional and psychological abuse that Plaintiff was subjected to, served only satisfy the sadistic and inhumane desires of the officers involved.

//

//

//

Pg. - 6 -
**SIXTH AMENDED COMPLAINT**

# CLAIM ONE
# DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
# FOURTH AMENDMENT/UNLAWFUL SEARCH AND SEIZURE
# (AGAINST ALL DEFENDANTS)

31. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

32. At the time of the incidents as set forth in the allegations above, the rights of the persons within the jurisdiction of the United States of America of both the 5th and 14th Amendment of the United States Constitution to Due Process of law and Equal Protection of laws as well as the right to be free from unlawful searches and seizure under the Fourth Amendment were in force and effect, and the individual defendants who engaged in conduct, as set forth above, subjected Plaintiff to unlawful seizure, deprived Plaintiff of his Constitutional Rights, which violated those rights, and violated the 14th Amendment of the United States Constitution because the search was not done for any legitimate penological purpose nor was it conducted in a reasonable manner for the reasons outlined in detail above.

33. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff, as stated elsewhere in this Complaint.

34. The conduct perpetrated by defendants and the unknown named defendants shocked the conscience was perpetrated willfully, intentionally, oppressively, maliciously and sadistically with evil design, with conscious disregard for the rights of others and intent to harm inflict pain and suffering and extreme emotional and mental distress on Plaintiff in violation of his Constitutional Rights.

35. As a result of the conduct of defendants, except governmental entities, which were perpetrated intentionally, recklessly, wantonly, oppressively, and or with reckless disregard for the rights of Plaintiff and others, in which is so despicable that it is despised by ordinary people, Plaintiff suffered all of the damages mentioned herein, in violation of his rights under the laws of the State of California, and Plaintiff is entitled to punitive damages.

36. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

37. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

### CLAIM TWO
### DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
### 14TH AMENDMENT/DUE PROCESS
### (AGAINST ALL DEFENDANTS)

38. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

39. At the time of the incident set forth in the averments above, the rights of persons within the jurisdiction of the United States of America or 14th Amendments of the United States Constitution to due process of law in equal protection of the laws were in force and effect and individual defendants who engaged in conduct, set forth above, subjected Plaintiff to cruel and unusual punishment, deprived Plaintiff of his constitutional rights, which violated those rights, and violated the 14th Amendment to the United States Constitution.

40. The beatings of Plaintiff by prison officials without cause or justification as a form of punishment violated Plaintiff's 14th Amendment Rights under the United States Constitution.

41. By being beaten, Plaintiff was being punished by the guards who were acting under color of law. This punishment was administered in retaliation for making legitimate complaints rather than for any legitimate penological purpose.

42. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff as well as a violation of his Constitutional rights, as stated elsewhere in this Complaint.

43. The conduct perpetrated by defendants and the unknown named defendants shocked the conscience was perpetrated willfully, intentionally, oppressively, maliciously and sadistically with evil design, with conscious disregard for the rights of others and intent to harm inflict pain and suffering and extreme emotional and mental distress on Plaintiff in violation of his Constitutional Rights.

Everardo Vargas Valencia. Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

Pg. - 8 -
**SIXTH AMENDED COMPLAINT**

44. As a result of the conduct of defendants, except governmental entities, which were perpetrated intentionally, recklessly, wantonly, oppressively, and or with reckless disregard for the rights of Plaintiff and others, in which is so despicable that it is despised by ordinary people, Plaintiff suffered all of the damages mentioned herein, in violation of his rights under the laws of the State of California, and Plaintiff is entitled to punitive damages.

45. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

46. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants and deter conduct of this type in the future to himself and fellow inmates.

### CLAIM THREE
### DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
### EIGHTH AMENDMENT/CRUEL AND UNUSUAL PUNISHMENT
### (AGAINST ALL DEFENDANTS)

47. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

48. At the time of the incidents as set forth in the allegations above, the rights of persons within the jurisdiction of the United States of America under the 14th Amendments of the United States Constitution to due process of law and equal protection of the laws and under 8th Amendment to be free from cruel and unusual punishment were in force and effect. Individual defendants who engaged in conduct, as set forth above, subjected Plaintiff to cruel and unusual punishment, deprived Plaintiff of his constitutional rights, which violated those rights, and violated the 14th Amendment to the United States Constitution.

49. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff, as stated elsewhere in this Complaint.

50. The conduct perpetrated by defendants and the unknown named defendants shocked the conscience was perpetrated willfully, intentionally, oppressively, maliciously and

Everardo Vargas Valencia, Esq.
601 South Brand Blvd., Suite 200
San Fernando, CA 91340

sadistically with evil design, with conscious disregard for the rights of others and intent to harm inflict pain and suffering and extreme emotional and mental distress on Plaintiff in violation of his Constitutional Rights.

51.  As a result of the conduct of defendants, except governmental entities, which were perpetrated intentionally, recklessly, wantonly, oppressively, and or with reckless disregard for the rights of Plaintiff and others, in which is so despicable that it is despised by ordinary people, Plaintiff suffered all of the damages mentioned herein, in violation of his rights under the laws of the State of California, and Plaintiff is entitled to punitive damages.

52.  The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

53.  Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

54.  Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

### CLAIM FOUR
### DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1985
### 8TH AMENDMENT CRUEL & UNUSUAL PUNISHMENT
### (AGAINST NAMED PRISON GUARDS AND NAMED AND UNNAMED PRISON HEALTHCARE WORKERS)

55.  Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

56.  Defendants, including but not necessarily limited to Defendants Burke, Cross, Valine, Lewis and Kevin Grinde met, conferred and conspired together to engage in the conduct described herein for their own illegitimate and unlawful purposes, in violation of 42 U.S.C. §1985.

57.  Said defendants acted in furtherance of this conspiracy, for the purpose of

Pg. - 10 -
**SIXTH AMENDED COMPLAINT**

depriving Plaintiff, and potentially others, of equal protection under the law.

58. Said defendants acted in furtherance of this conspiracy, which directly and proximately caused Plaintiff injuries as set forth elsewhere in this complaint.

59. Said defendants acted in furtherance of this conspiracy, which directly and proximately deprived Plaintiff of exercising his rights and privileges granted to him is a citizen of the United States.

60. The conduct perpetrated by defendants and the unknown named defendants shocked the conscience was perpetrated willfully, intentionally, oppressively, maliciously and sadistically with evil design, with conscious disregard for the rights of others and intent to harm inflict pain and suffering and extreme emotional and mental distress on Plaintiff in violation of his Constitutional Rights.

61. As a result of the conduct of defendants, except governmental entities, which were perpetrated intentionally, recklessly, wantonly, oppressively, and or with reckless disregard for the rights of Plaintiff and others, in which is so despicable that it is despised by ordinary people, Plaintiff suffered all of the damages mentioned herein, in violation of his rights under the laws of the State of California, and Plaintiff is entitled to punitive damages.

62. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in the amount sufficient to punish and to make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

63. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future, except for governmental entities.

**CLAIM FIVE**
**DEPRIVATION OF CIVIL RIGHTS UNDER U.S.C. § 1986**
**NEGLECT TO PREVENT CIVIL RIGHTS VIOLATIONS**
**(AGAINST ALL DEFENDANTS)**

64. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

65. Defendants, including but not necessarily limited to Defendants Burke, Cross,

**SIXTH AMENDED COMPLAINT**

Valine, Lewis, Sparks, Ross and Bodenhamer are charged under the laws of the United States of America with the duty to prevent the violation of civil rights of Plaintiff and to prevent any violation of Civil Rights which to know will take place.

66. Said Defendants knew of the conspiracy alleged in this complaint pursuant to 42 U.S.C. section 1985, and that defendants had committed and were continuing to commit acts in furtherance of said conspiracy to deprived Plaintiff of equal protection under the laws and in violation of Plaintiff's civil rights.

67. Said Defendants knew that such conduct would injure Plaintiff as well as prevent Plaintiff from exercising his rights as a citizen of the United States.

68. Said Defendants, through their official capacities and supervisory roles with the State of California and State of California Department of Corrections and Rehabilitation, had the power to prevent or otherwise aid in preventing the commission of the wrongful acts alleged in furtherance of the conspiracy described herein.

69. Despite such knowledge, said defendants failed to act to prevent or to aid in the prevention of such misconduct, and such failure was a flagrant disregard of their official duties as law enforcement officers as well as in reckless and conscious disregard of Plaintiff's basic civil rights.

70. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in the amount sufficient to punish and to make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

71. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future, except for governmental entities.

### CLAIM SIX
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (AGAINST ALL DEFENDANTS)

72. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

73. On or about April 12, 2016, Defendants, including but not necessarily limited to Defendants Burke, Cross, Valine and Lewis, intentionally caused serious emotion distress upon Plaintiff, MARIO A. GONZALEZ, through the extreme and outrageous conduct of all Defendants, exceeding all bounds of decency in society, wherein Defendant, wherein Defendants kicked, punched and forced human waste down Plaintiff's throat and then continued unwarranted further intentional, vicious and sadistic beatings of Plaintiff once he was returned to his cell from the infirmary for treatment from injuries arising out of the excessive force applied to his person by prison staff.

74. Defendants either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of respondeat superior; and/or Defendants are liable under conspiracy of each other.

75. As a direct, legal and proximate result of Defendants' conduct, Plaintiff, Mr. Gonzalez, suffered mental injuries and emotional distress, as a result of the conduct of all Defendants.

76. Defendants' conduct, as set forth above, was a direct and proximate cause of severe, ongoing, and permanent injuries to Plaintiff, as stated elsewhere in this Complaint.

77. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in an amount sufficient to punish and make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

### CLAIM SEVEN
### ASSAULT AND BATTERY
### (AGAINST ALL DEFENDANTS)

78. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

79. Plaintiff alleges, as more specifically stated in the Complaint incorporated herein,

that Defendants intentionally caused reasonable apprehension of immediate harm which caused harm to Plaintiff resulting in assault. Defendants, including but not necessarily limited to Defendants Burke, Cross, Valine and Lewis, were acting under color of law, apparent authority, vicarious liability, and/or respondent superior of California Department of Corrections & Rehabilitation.

80.     Plaintiff alleges, as more specifically stated in the Factual Allegations incorporated herein, that Defendants intentionally caused physical harm that was not consented, excused or justified. Plaintiff, Mr. Gonzalez, suffered harm, both physical and emotional, resulting in battery.

81.     Defendants, including but not necessarily limited to Defendants Burke, Cross, Valine and Lewis, either performed the acts stated herein and are individually liable for their individual acts; and/or Defendants performed the acts stated herein during the course and scope of their employment, acting under color of law, apparent authority and are individually liable for those acts; and/or Defendants are vicariously liable for each other; and/or Defendants are liable for each other under the doctrine of respondeat superior, and/or Defendants are liable under conspiracy of each other.

82.     As a direct and proximate result of the alleged assault and battery, Plaintiff suffered physical and psychological injuries to his body and mind.

83.     The conduct of Defendants, including but not necessarily limited to Defendants Burke, Cross, Valine and Lewis, as described herein, was intentional, malicious, unprivileged, despicable, outrageous, and so vile, base, contemptable, criminal, miserable, wretched, and loathsome that it is looked down upon and despised by ordinary decent people, and this conduct was directed at Plaintiff by Defendants with the intent that it would harm Plaintiff and cause Plaintiff to suffer physical pain and severe emotional distress and/or with reckless disregard of the probability of causing Plaintiff to suffer physical pain and extreme emotional distress; defendants knew the Plaintiff is particularly susceptible to emotional distress because of his position and hopelessness and suffering under a physical disability.

84.     The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in the amount sufficient to punish and to make an example of

the individual defendants, as well as sufficiently deter others from committing similar conduct.

85. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

**CLAIM EIGHT
USE OF EXCESSIVE FORCE
(AGAINST TO ALL DEFENDANTS)**

86. Plaintiff realleges and incorporates here each and every allegation set forth in this pleading as if set forth here in full.

87. On April 12, 2016, Defendants, including but not necessarily limited to Defendants Burke, Cross, Valine and Lewis, exceeded any and all bounds of privilege of any defense, in the handling and treatment of Plaintiff during the search of his cell as well as upon his return to the cell after being taken to the infirmary as described in detail in this Complaint.

88. As a proximate result, all Defendants, directly and through the acts of each of other, ratified the behavior of each other, adopting the conduct of each other, the liability of each other, by and through, including but not limited to, the doctrines of respondeat superior, vicarious liability, conspiracy, apparent authority, agency, are in violation of Civil Code §§ 51, 52.

89. As an actual and proximate result of all of the Defendants' conduct, Plaintiffs have suffered, and continue to suffer, general and special damages, including but not limited to, physical and mental injuries, medical expenses, losses in future earnings, and other employment benefits and have suffered and continue to suffer pain, suffering, embarrassment, humiliation, emotional distress, severe emotional distress, and mental anguish in an amount according to proof.

90. The conduct of Defendants, as described herein, was intentional, malicious, unprivileged, despicable, outrageous, and so vile, base, contemptable, criminal, miserable, wretched, and loathsome that it is looked down upon and despised by ordinary decent people, and this conduct was directed at Plaintiff by Defendants with the intent that it would harm Plaintiff and cause Plaintiff to suffer physical pain and severe emotional distress and/or with reckless

disregard of the probability of causing Plaintiff to suffer physical pain and extreme emotional distress; defendants knew the Plaintiff is particularly susceptible to emotional distress because of his position and hopelessness and suffering under a physical disability

91. The aforementioned acts of the defendants, and each of them, support the award of exemplary and punitive damages in the amount sufficient to punish and to make an example of the individual defendants, as well as sufficiently deter others from committing similar conduct.

92. Plaintiff claims punitive damages against each defendant, except for the government entity, for the purpose of punishing the defendants in deterring conduct of this type in the future.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. General and Special Damages in an amount an amount as proved;
2. Treble and punitive damages, including but not limited to Civil Code §51, § 52, § 3294. Civil penalty of $25,000 under Civil Code § 51, § 52;
3. Attorney's fees and costs of litigation, including but not limited to: Civil Code §52, Title 42 United States Code section 1983, and 1988, Government Code section 835, et. seq;
4. Punitive Damages to individual defendants only; and
5. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial

Executed this 22nd day of May 2020, San Fernando, CA 91340.

Law Office of Everardo Valencia,
A Professional Law Corporation.

_____
Everardo Vargas Valencia
Attorney for Plaintiff,
MARIO A. GONZALEZ

Pg. - 16 -

**SIXTH AMENDED COMPLAINT**

## PROOF OF SERVICE (1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA         )
                            )  ss.
COUNTY OF LOS ANGELES       )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 601 South Brand Blvd, Suite 200, San Fernando CA 91340.

On April 22, 2021, I served the foregoing documents as:

**SIXTH AMENDED COMPLAINT**

on interested parties in this action by:

☐ U.S. Mail          ☐ Personal Service          ☒ Email Service          ☐ Fax Service

☐ Placing true copies thereof enclosed in sealed envelopes addressed as follows, and mail to:

| Janet N. Chen. | Janet Chen <Janet.Chen@doj.ca.gov> |
|---|---|
| Deputy Attorney General | |
| 1300 I Street, Suite 125 | |
| P.O. Box 944255 | |
| Sacramento, CA 94244-2550 | |

☐ I deposited such envelope in the mail at Los Angeles County, California. The envelope was mailed with postage thereon fully prepaid.

☐ I caused such envelope with postage thereon for mail fully prepaid to be placed in the United States mail at Los Angeles County, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles County, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on April 22, 2021, at Los Angeles County, California.

*[signature]*

---

**PROOF OF SERVICE**