IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No. 2:17-CV-0176-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's sixth amended complaint, ECF No. 60.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

In the sixth amended complaint, as with the fifth amended complaint, Plaintiff names "GAVIN NEWSOM, ET AL."  ECF No. 60, pg. 1.  In Section I of the sixth amended complaint describing the parties, Plaintiff refers to "[e]ach and every defendant," but does not specifically name each defendant sued.  Id. at 1-2.  Throughout the sixth amended complaint, Plaintiff alleges various claims against "all defendants" or against "named prison guards" and "named and unnamed prison healthcare workers."  See generally id.

The only references to specific named individuals are in Section III of the sixth amended complaint describing the "facts common to all claims."  Id. at 2-6.  Plaintiff alleges:

> 13.    The principle abusers in this case were Officer Burke, Officer Cross, Officer Valine, Office[r] Lewis, Lieutenant Bales, Captain Clough, Office[r] Kinn, Office[r] Leech, Kevin Grinde, and Officer Spark. For his part, Dr. Bodenhamer withheld pertinent medical information from Plaintiff that materially added to Plaintiff's injuries and suffering.  Dr. Bodenhamer, as a medical professional, had a duty to disclose all medical information to Plaintiff, his patient.

Id. at 3.

Despite being named in the caption of the sixth amended complaint, Plaintiff does not list Defendant Newsom here and the sixth amended complaint contains no allegations relating to Defendant Newsom.

Plaintiff then describes Defendants' alleged conduct.  According to Plaintiff, on March 10, 2016, he notified his primary clinician, Dr. Ross, that he feared for his safety because "he was aware that five officers at A-2 P.S.U. Sacramento were engaging in illegal beatings of fellow inmates."  Id.  Plaintiff claims that on April 12, 2016, Defendants Burke and Cross entered


1   Plaintiff's cell to conduct a search.  See id.  Out of fear, Plaintiff requested that a supervisor in
2   charge or a lieutenant be present during the cell search.  See id.  Plaintiff states that Defendant
3   Bales was the lieutenant on duty at the time.  See id.  Plaintiff asserts that, despite his request,
4   Defendant Cross refused to call a supervisor.  See id.

5         Plaintiff next claims that, seemingly displeased with Plaintiff's request, Defendant
6   Cross gathered additional officers – Defendants Burke, Valine, and Lewis – and returned to
7   Plaintiff's cell.  See id.  Plaintiff's cell door was opened and Defendant Cross placed Plaintiff's
8   left hand in handcuffs and "began to punch him in the left side of his body."  Id. at 3-4.  Plaintiff
9   claims Defendant Cross then placed Plaintiff in a "full nelson" hold, thereby exposing Plaintiff's
10  right side and back.  Id. at 4.  Plaintiff states that, at this point, Defendant Valine, Lewis, and
11  Burke "took turns kicking Plaintiff in the back and rib area of his body with their boots."  Id.

12        Plaintiff next alleges that the "torture and abuse then continued by Plaintiff being
13  dragged to the sink area where Officer Cross held Plaintiff in the position and then Officer Burke
14  ordered Officer J. Lewis. . . to pour urine and feces mixtures into his [Plaintiff's] mouth."  Id.
15  Plaintiff claims that Defendant Lewis then kicked Plaintiff in his testicles.  See id.  Plaintiff was
16  taken to the medical facility where unnamed medical staff allegedly refused to provide treatment
17  for his injuries.  See id.  According to Plaintiff, medical staff failed to accurately record the nature
18  and extent of Plaintiff's injuries in an attempt to cover up the incident.  See id. at 5.

19        Plaintiff claims that, following this but prior to being returned to his cell,
20  Defendant Clough tied Plaintiff down on a gurney with sheets whereupon Defendants Kinn and
21  Leech "started hitting the restrained Plaintiff in the face without cause or justification."  Plaintiff
22  next claims that Defendant Walker – who is not listed in paragraph 13 outlined above – "was
23  pressing down on Plaintiff's knee area inward in an apparent attempt to break his knee."  Id.

24        Plaintiff next alleges that, upon being returned to his cell, Defendant Byers – also
25  not listed in paragraph 13 – "grabbed Plaintiff under his jaw with both hands and began pulling
26  him upwards with great pressure, inflicting further unnecessary pain and suffering."  Id.
27  According to Plaintiff, Defendant Byers told Plaintiff "you're getting everything you deserve."
28  Plaintiff contends this statement was made in the presence of Defendant Clough, who did nothing

to intervene. See id. Plaintiff states that his injuries were compounded when, after being returned to his cell, Defendant Lewis "squeezed Plaintiff's testicles and hit him in the testicular area with a metal detector. . . ." Id. Plaintiff adds that, at this point, Defendant Cross removed Plaintiff's handcuffs, sat him on the ground, and began punching Plaintiff in the face. See id. Plaintiff states that Defendant Cross told Plaintiff "I've been waiting to fuck you up." Id.

Plaintiff states he filed a "Sick Call Slip" seeking treatment for his injuries and was provided an x-ray. See id. at 5-6. Plaintiff claims that Defendant Bodenhamer, a prison doctor, confirmed a fracture of Plaintiff's eighth rib, but withheld the fact that Plaintiff had also fractured his back. See id. at 6. Plaintiff asserts this conduct indicates deliberate indifference. See id.

Next, Plaintiff alleges that Defendant Spark (also referred to as "Sparks") interfered with Plaintiff's right to file a complaint in connection with the foregoing. See id. According to Plaintiff, Defendant Spark threatened to charge him with a rules violation if Plaintiff were to file a complaint. See id.

According to Plaintiff, the events alleged took place while he was incarcerated at California State Prison – Sacramento. See ECF No. 1, pg. 4 (original complaint).

## II. DISCUSSION

The following individuals are named and/or referenced in the sixth amended complaint: (1) Newsom, the Governor of the State of California; (2) Burke, a Correctional Officer; (3) Cross, a Correctional Officer; (4) Valine, a Correctional Officer; (5) Lewis, a Correctional Officer; (6) Bales, a Lieutenant; (7) Clough, a Captain; (8) Kinn, a Correctional Officer; (9) Leech, a Correctional Officer; (10) Grinde; (11) Spark, a Correctional Officer; (12) Walker, a Correctional Officer; (13) Byers, a Correctional Officer; and (14) Bodenhamer, a prison doctor. Based on the facts alleged in the complaint, the Court finds that Plaintiff's sixth amended complaint states cognizable claims against the following 11 defendants: Burke, Cross, Valine, Lewis, Clough, Kinn, Leech, Walker, Byers, Bodenmaner, and Spark.

///

The Court finds, however, that Plaintiff fails to state a claim against Defendants Newsom, Grinde, or Bales.  Plaintiff names Defendant Newsom, the Governor of the State of California, in the caption of the sixth amended complaint but does not reference this defendant elsewhere.  Defendant Bales is referenced only to the extent Plaintiff states Bales was the supervising Correctional Lieutenant at the time of the April 12, 2016, cell search.  Defendant Grinde is referenced only in paragraph 13 but not elsewhere.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff has, despite numerous attempts at amending the complaint and despite being represented by counsel, failed to allege a causal connection between Defendants Newsom, Bales, or Grinde and the constitutional violations about which he complains.  Plaintiff will be provided an additional opportunity to amend the complaint to state facts showing how these three defendants allegedly violated his constitutional or statutory rights.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a seventh amended complaint within 30 days of the date of service of this order. Plaintiff is cautioned that additional leave to amend will be afforded only on a showing of good cause.

Dated:  August 4, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE