1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 MARIO AMADOR GONZALEZ,                   No.  2:17-CV-0176-WBS-DMC-P

12             Plaintiff,

13       v.                                FINDINGS AND RECOMMENDATIONS

14 GAVIN NEWSOM, et al.,

15             Defendants.

16

17          Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action

18 pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's seventh amended

19 complaint, ECF No. 62.

20          The Court is required to screen complaints brought by prisoners seeking relief

21 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22 § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24 from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25 the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26 statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

27 means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

28 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

1   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

2   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

3   with at least some degree of particularity overt acts by specific defendants which support the

4   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

5   impossible for the Court to conduct the screening required by law when the allegations are vague

6   and conclusory.

7

8   **I.  PLAINTIFF'S ALLEGATIONS**

9           In Section I of the seventh amended complaint describing the parties, Plaintiff

10   refers to "[e]ach and every defendant," but does not specifically name each defendant sued.  See

11   ECF No. 62, pgs. 1-2.  Throughout the seventh amended complaint, Plaintiff alleges various

12   claims against "all defendants" or against "named prison guards" and "named and unnamed

13   prison healthcare workers."  See generally id.

14           The only references to specific named individuals are in Section III of the seventh

15   amended complaint describing the "facts common to all claims."  Id. at 2-6.  Plaintiff alleges:

16             13.   The principle abusers in this case were Officer Burke,
Officer Cross, Officer Valine, Office[r] Lewis, Lieutenant Bales, Captain
17   Clough, Office[r] Kinn, Office[r] Leech, Kevin Grinde, and Officer Spark.
For his part, Dr. Bodenhamer withheld pertinent medical information from
18   Plaintiff that materially added to Plaintiff's injuries and suffering.  Dr.
Bodenhamer, as a medical professional, had a duty to disclose all medical
19   information to Plaintiff, his patient.

20   Id. at 3.

21           Plaintiff then describes Defendants' alleged conduct.  According to Plaintiff, on

22   March 10, 2016, he notified his primary clinician, Dr. Ross, that he feared for his safety because

23   "he was aware that five officers at A-2 P.S.U. Sacramento were engaging in illegal beatings of

24   fellow inmates."  Id.  Plaintiff claims that on April 12, 2016, Defendants Burke and Cross entered

25   Plaintiff's cell to conduct a search.  See id.  Out of fear, Plaintiff requested that a supervisor in

26   charge or a lieutenant be present during the cell search.  See id.  Plaintiff asserts that, despite his

27   request, Defendant Cross refused to call a supervisor.  See id.  Plaintiff states that Defendant

28   Bales was the lieutenant on duty at the time and should have reprimanded the officers for the

1  actions.  See id.

2       Plaintiff next claims that, seemingly displeased with Plaintiff's request, Defendant

3  Cross gathered additional officers – Defendants Burke, Valine, and Lewis – and returned to

4  Plaintiff's cell.  See id.  Plaintiff's cell door was opened and Defendant Cross placed Plaintiff's

5  left hand in handcuffs and "began to punch him in the left side of his body."  Id. at 3-4.  Plaintiff

6  claims Defendant Cross then placed Plaintiff in a "full nelson" hold, thereby exposing Plaintiff's

7  right side and back.  Id. at 4.  Plaintiff states that, at this point, Defendant Valine, Lewis, and

8  Burke "took turns kicking Plaintiff in the back and rib area of his body with their boots."  Id.

9       Plaintiff next alleges that the "torture and abuse then continued by Plaintiff being

10  dragged to the sink area where Officer Cross held Plaintiff in the position and then Officer Burke

11  ordered Officer J. Lewis. . . to pour urine and feces mixtures into his [Plaintiff's] mouth."  Id.

12  Plaintiff claims that Defendant Lewis then kicked Plaintiff in his testicles.  See id.  Plaintiff was

13  taken to the medical facility where Defendant Grinde, a residential nurse, "ignored the physical

14  damage to the Plaintiff and played down the beating in a conspiratorial fashion and refused to

15  report the physical injuries to cover up of [sic] the Defendants, use of excessive force."  Id. at 5.

16       Plaintiff claims that, following this but prior to being returned to his cell,

17  Defendant Clough tied Plaintiff down on a gurney with sheets whereupon Defendants Kinn and

18  Leech "started hitting the restrained Plaintiff in the face without cause or justification."  Plaintiff

19  next claims that Defendant Walker – who is not listed in paragraph 13 outlined above – "was

20  pressing down on Plaintiff's knee area inward in an apparent attempt to break his knee."  Id.

21       Plaintiff next alleges that, upon being returned to his cell, Defendant Byers – also

22  not listed in paragraph 13 – "grabbed Plaintiff under his jaw with both hands and began pulling

23  him upwards with great pressure, inflicting further unnecessary pain and suffering."  Id.

24  According to Plaintiff, Defendant Byers told Plaintiff "you're getting everything you deserve."

25  Plaintiff contends this statement was made in the presence of Defendant Clough, who did nothing

26  to intervene.  See id.  Plaintiff states that his injuries were compounded when, after being returned

27  to his cell, Defendant Lewis "squeezed Plaintiff's testicles and hit him in the testicular area with a

28  metal detector. . . ."  Id.  Plaintiff adds that, at this point, Defendant Cross removed Plaintiff's

3

1   handcuffs, sat him on the ground, and began punching Plaintiff in the face.  See id.  Plaintiff

2   states that Defendant Cross told Plaintiff "I've been waiting to fuck you up."  Id.

3   Plaintiff states he filed a "Sick Call Slip" seeking treatment for his injuries and

4   was provided an x-ray.  See id. at 5-6.  Plaintiff claims that Defendant Bodenhamer, a prison

5   doctor, confirmed a fracture of Plaintiff's eighth rib, but withheld the fact that Plaintiff had also

6   fractured his back.  See id. at 6.  Plaintiff asserts this conduct indicates deliberate indifference.

7   See id.

8   Next, Plaintiff alleges that Defendant Spark (also referred to as "Sparks")

9   interfered with Plaintiff's right to file a complaint in connection with the foregoing.  See id.

10  According to Plaintiff, Defendant Spark threatened to charge him with a rules violation if Plaintiff

11  were to file a complaint.  See id.

12  According to Plaintiff, the events alleged took place while he was incarcerated at

13  California State Prison – Sacramento.  See ECF No. 1, pg. 4 (original complaint).

14

15  **II.  DISCUSSION**

16  The following individuals are named and/or referenced in the seventh amended

17  complaint:  (1) Burke, a Correctional Officer; (2) Cross, a Correctional Officer; (3) Valine, a

18  Correctional Officer; (4) Lewis, a Correctional Officer; (5) Bales, a Lieutenant; (6) Clough, a

19  Captain; (7) Kinn, a Correctional Officer; (8) Leech, a Correctional Officer; (9) Grinde; (10)

20  Spark, a Correctional Officer; (11) Walker, a Correctional Officer; (12) Byers, a Correctional

21  Officer; and (13) Bodenhamer, a prison doctor.  Gavin Newsom is not mentioned in the complaint

22  aside from the caption.  Based on the facts alleged, the Court finds that Plaintiff's seventh

23  amended complaint states cognizable claims against the following 12 defendants:  Burke, Cross,

24  Valine, Lewis, Clough, Kinn, Leech, Grinde, Walker, Byers, Bodenmaner, and Spark.

25  The Court finds, however, that Plaintiff fails to state a claim against Defendants

26  Newsom, Bales, Miner, Baughman, Kernan, Ross, or Stakes.  Plaintiff also fails to state a claim

27  against the California Department of Corrections and Rehabilitation.

28  / / /

1      **A.      Newsom, Bales, Miner, Baughman, Kernan, Ross, and Stakes**

2             Plaintiff names Defendant Newsom, the Governor of the State of California, in the

3      caption of the seventh amended complaint but does not reference this defendant elsewhere.

4      Defendant Bales is referenced only to the extent Plaintiff states Bales was the supervising

5      Correctional Lieutenant at the time of the April 12, 2016, cell search and had a duty to supervise

6      subordinate personnel.  Other individuals – Miner, Baughman, Kernan, Ross, and Stakes – who

7      are listed on the Court's docket as defendants, presumably because they were named in prior

8      amendments, are not mentioned in the seventh amended complaint whatsoever.

9             To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

10     connection or link between the actions of the named defendants and the alleged deprivations.  See

11     Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

12     person 'subjects' another to the deprivation of a constitutional right, within the meaning of

13     § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

14     an act which he is legally required to do that causes the deprivation of which complaint is made."

15     Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

16     concerning the involvement of official personnel in civil rights violations are not sufficient.  See

17     Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

18     specific facts as to each individual defendant's causal role in the alleged constitutional

19     deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

20             Supervisory personnel are generally not liable under § 1983 for the actions of their

21     employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

22     respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

23     violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

24     Supreme Court has rejected the notion that a supervisory defendant can be liable based on

25     knowledge and acquiescence in a subordinate's unconstitutional conduct because government

26     officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

27     and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

28     personnel who implement a policy so deficient that the policy itself is a repudiation of

constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

Here, Plaintiff has, despite numerous attempts at amending the complaint and despite being represented by counsel, failed to allege a causal connection between Defendants Newsom, Bales, Miner, Baughman, Kernan, Ross, or Stakes and the constitutional violations about which he complains.  Newsom is not mentioned at all in the seventh amended complaint outside the caption.  Similarly, Miner, Baughman, Kernan, Ross, and Stakes are not mentioned at all or listed in the caption.  Plaintiff's allegations that Bales is liable under a respondeat theory of liability fails to state a cognizable claim.

Plaintiff will not be provided an additional opportunity to amend the complaint. Defendants Newsom, Bales, Miner, Baughman, Kernan, Ross, and Stakes should be dismissed.

**B.**      **California Department of Corrections and Rehabilitation**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.  See Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).   A state's agency responsible for incarceration and correction of prisoners is a state agency for purposes of the Eleventh Amendment.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam); Hale v. Arizona, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc).

Because the California Department of Corrections and Rehabilitation is immune from suit, it should also be dismissed as a defendant to this action.

/ / /

/ / /

6

1

### III. CONCLUSION

2        Because it does not appear possible that the deficiencies identified herein can be

3   cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of

4   Defendants Newsom, Bales, Miner, Baughman, Kernan, Ross, Stakes, and California Department

5   of Corrections and Rehabilitation.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir.

6   2000) (en banc).

7        Based on the foregoing, the undersigned recommends that Newsom, Bales, Miner,

8   Baughman, Kernan, Ross, Stakes, and California Department of Corrections and Rehabilitation

9   be dismissed as defendants to this action.

10       These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court.  Responses to objections shall be filed within 14 days after service of

14  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

15  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17  Dated:  November 5, 2021

18                                                    _____

19                                                    DENNIS M. COTA
                                                      UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28