**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>               Plaintiff,<br><br>        v.<br><br>CLOUGH, et al.,<br><br>               Defendants. | No.  2:17-CV-0176-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to   42 U.S.C. § 1983.  Pending before the Court is Defendants' motion, ECF No. 68, to dismiss Plaintiff's seventh amended complaint.  Plaintiff has opposed the motion, ECF No. 69, and Defendants have filed a reply, ECF No. 70.

       In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

1  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.
2  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

3  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
4  of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
5  notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
6  550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
7  to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
8  more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
9  allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
10 complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
11 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
14 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
15 Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
16 defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
17 to relief." Id. (quoting Twombly, 550 U.S. at 557).

18 In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials
19 outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
20 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)
21 documents whose contents are alleged in or attached to the complaint and whose authenticity no
22 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
23 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
24 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
25 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
26 1994).
27 / / /
28 / / /

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Procedural History

Plaintiff initiated this action with a pro se complaint filed on January 26, 2017. See ECF No. 1. Plaintiff then filed a pro se first amended complaint on August 28, 2017, see ECF No. 10, and a pro se second amended complaint on January 18, 2018, see ECF No. 16. On August 8, 2018, the Court determined that this action should proceed on the second amended complaint. See ECF No. 19. On March 18, 2019, the Court found service of the second amended complaint appropriate for some defendants but not others. See ECF No. 24. Plaintiff was granted leave to file a third amended complaint to address the deficiencies identified in the March 18, 2019, order. See id. On July 19, 2019, Plaintiff filed a pro se third amended complaint. See ECF No. 29.

On July 31, 2019, the Court substituted appointed counsel in place for Plaintiff pro se. See ECF No. 31. On August 2, 2019, the Court sua sponte granted Plaintiff leave to file a fourth amended complaint through newly retained counsel. See ECF No. 32. Plaintiff, through counsel, filed a fourth amended complaint on August 29, 2019. See ECF No. 33. On October 1, 2019, the Court determined the fourth amended complaint was appropriate for service on all defendants. See ECF No. 34. Waivers of service were returned unexecuted on January 23, 2020, as to Defendants Ross and Sparks. All other named defendants waived service. See ECF Nos. 42 and 44.

Upon the apparent stipulation of the parties, Plaintiff filed a fifth amended complaint on May 22, 2020, see ECF No. 53, which the Court dismissed with leave to amend, see ECF No. 59. Plaintiff filed his sixth amended complaint on April 22, 2021, see ECF No. 60, which the Court again dismissed with leave to amend, see ECF No. 61. Plaintiff filed the currently operative seventh amended complaint on September 3, 2021. See ECF No. 62.

1  On November 5, 2021, the Court issued findings and recommendations that Newsom, Bales, Miner, Baughman, Kernan, Ross, Stakes, and California Department of Corrections and Rehabilitation be dismissed as defendants to this action. See ECF No. 65. The findings and recommendations were adopted in fully by the District Judge on January 3, 2022. See ECF No. 66. On January 26, 2022, the Court determined the seventh amended complaint appears to state cognizable claims against Defendants Burke, Cross, Valine, Lewis, Clough, Kinn, Leech, Grinde, Spark, Walker, Byers, and Bodenhamer. See ECF No. 67. These defendants filed the instant motion to dismiss on February 16, 2022. See ECF No. 68.

### B. Plaintiff's Seventh Amended Complaint

Other than Gavin Newsom – who has been dismissed from this action – the seventh amended complaint does not specifically list the individuals named as defendants. See ECF No. 62, pgs. 1-2. At paragraph 13, Plaintiff states that the following individuals are the "principle abusers in this case:" Burke; Cross; Valine; Lewis; Bales; Clough; Kinn; Leech; Grinde; and Spark. Id. at 3. Plaintiff adds at paragraph 14 that Defendant Bodenhamer "withheld pertinent medical information. . . ." Id. at 3. According to Plaintiff at paragraph 14, Ross was Plaintiff's psychologist. See id.

Plaintiff then outlines the remainder of his factual allegations in paragraphs 15-30. See id. at 3-7. These allegations are the same as set forth in the prior amendments. According to Plaintiff, on March 10, 2016, he notified his primary clinician, Dr. Ross, that he feared for his safety because "he was aware that five officers at A-2 P.S.U. Sacramento were engaging in illegal beatings of fellow inmates." Id. Plaintiff claims that on April 12, 2016, Defendants Burke and Cross entered Plaintiff's cell to conduct a search. See id. Out of fear, Plaintiff requested that a supervisor in charge or a lieutenant be present during the cell search. See id. Plaintiff asserts that, despite his request, Defendant Cross refused to call a supervisor. See id. Plaintiff states that Defendant Bales was the lieutenant on duty at the time and should have reprimanded the officers for the actions. See id.

///

///

4

1          Plaintiff next claims that, seemingly displeased with Plaintiff's request, Defendant
2  Cross gathered additional officers – Defendants Burke, Valine, and Lewis – and returned to
3  Plaintiff's cell.  See id.  Plaintiff's cell door was opened and Defendant Cross placed Plaintiff's
4  left hand in handcuffs and "began to punch him in the left side of his body." Id. at 3-4.  Plaintiff
5  claims Defendant Cross then placed Plaintiff in a "full nelson" hold and Defendant Valine, Lewis,
6  and Burke "took turns kicking Plaintiff in the back and rib area of his body with their boots." Id.
7          Plaintiff next alleges that the "torture and abuse then continued by Plaintiff being
8  dragged to the sink area where Officer Cross held Plaintiff in the position and then Officer Burke
9  ordered Officer J. Lewis. . . to pour urine and feces mixtures into his [Plaintiff's] mouth." Id.
10 Plaintiff claims Defendant Lewis then kicked Plaintiff in his testicles. See id. Plaintiff was taken
11 to the medical facility where Defendant Grinde, a residential nurse, "ignored the physical damage
12 to the Plaintiff and played down the beating in a conspiratorial fashion and refused to report the
13 physical injuries to cover up of [sic] the Defendants, use of excessive force." Id. at 5.
14 Plaintiff claims that, following this but prior to being returned to his cell, Defendant Clough tied
15 Plaintiff down on a gurney with sheets whereupon Defendants Kinn and Leech "started hitting the
16 restrained Plaintiff in the face without cause or justification."  Plaintiff next claims that Defendant
17 Walker – who is not named in Plaintiff's earlier Defendant list– "was pressing down on Plaintiff's
18 knee area inward in an apparent attempt to break his knee." Id.
19         Plaintiff next alleges that, upon being returned to his cell, Defendant Sergeant
20 Byers – also not named earlier – "grabbed Plaintiff under his jaw with both hands and began
21 pulling him upwards with great pressure, inflicting further unnecessary pain and suffering." Id.
22 Defendant Byers then told Plaintiff, "You're getting everything you deserve" in the presence of
23 Defendant Clough, who did nothing to intervene. See id. Plaintiff states his injuries were
24 compounded when, after being returned to his cell, Defendant Lewis "squeezed Plaintiff's
25 testicles and hit him in the testicular area with a metal detector." Id. Plaintiff adds that, at this
26 point, Defendant Cross removed Plaintiff's handcuffs, sat him on the ground, began punching
27 Plaintiff in the face, and said "I've been waiting to fuck you up." Id.
28 / / /

5

1         Plaintiff then alleges he filed a "Sick Call Slip" seeking treatment for his injuries
2 and was provided an x-ray. See id. at 5-6. Plaintiff claims that Defendant Bodenhamer, a prison
3 doctor, confirmed a fracture of Plaintiff's eighth rib, but withheld the fact that Plaintiff had also
4 had a fractured back. See id. at 6. Plaintiff asserts this conduct indicates deliberate indifference.
5 See id.

6         Next, Plaintiff alleges that Defendant Spark (also referred to as "Sparks")
7 interfered with Plaintiff's right to file a complaint in connection with the foregoing. See id. at 7.
8 According to Plaintiff, Defendant Sparks threatened to charge him with a rules violation if
9 Plaintiff were to file a complaint. See id.

10         Plaintiff alleges the facts give rise to eight separate claims, as follows:

| | | |
|---|---|---|
| | First Claim | Unlawful Search and Seizure.  42 U.S.C. § 1983. |
| | Second Claim | Due Process Violation.  42 U.S.C. § 1983. |
| | Third Claim | Cruel and Unusual Punishment.  42 U.S.C. § 1983. |
| | Fourth Claim | Conspiracy to Deprive Civil Rights.  42 U.S.C. § 1985. |
| | Fifth Claim | Failure to Prevent Constitutional Violations.  42 U.S.C. § 1986. |
| | Sixth Claim | Intentional Infliction of Emotional Distress. |
| | Seventh Claim | Assault and Battery. |
| | Eighth Claim | Use of Excessive Force.  Cal. Constitution. |

Id. at 7-16.

## II. DISCUSSION

        In their motion to dismiss, Defendants argue: (1) Plaintiff fails to state an unreasonable search and seizure claim under the Fourth Amendment against any Defendant; (2) Plaintiff fails to state a due process claim under the Fourteenth Amendment against any Defendant, (3) Plaintiff fails to state a deliberate indifference claim under the Eighth Amendment against Defendants Burke, Cross, Valine, Lewis, Kinn, Leech, Sparks, Walker, and Byers; (4) Plaintiff fails to state a conspiracy claim under 42 U.S.C. §§ 1985 and 1986 against any

1  Defendant; (5) Plaintiff has failed to state claims under California state law for intentional
2  infliction of emotional distress and assault and battery because he failed to plead compliance with
3  the Government Claims Act; and (6) Plaintiff fails to state an excessive force claim under the
4  Eighth Amendment against Defendants Clough, Grinde, Sparks, and Bodenhamer.  See EFC No.
5  68-1, pg. 7.

**A.      Search and Seizure**

In his first claim for relief, Plaintiff alleges that all defendants violated his rights under the Fourth Amendment to be free from unreasonable searches and seizures.  See ECF No. 62, pgs. 7-8.  As Defendants correctly note, Plaintiff has no arguable basis for a Fourth Amendment claim.  Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution.  See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Demery v. Kupperman, 735 F.2d 1139, 1146 (9th Cir. 1984).  There is however, no expectation of privacy under the Fourth Amendment "within the confines of a prison cell."  Hudson v. Palmer, 468 U.S. 517, 526 (1983).  Because Plaintiff was a prisoner at the time of the events alleged in the seventh amended complaint, his Fourth Amendment claim fails as a matter of law and should be dismissed with prejudice.

**B.      Due Process**

In his second claim for relief, Plaintiff asserts that Defendants violated his right to due process.  See ECF No. 62, pgs. 8-9.  Specifically, Plaintiff contends that his Fourteenth Amendment rights were violated when he was beaten without cause or justification "as a form of punishment."  Id. at 9.  Plaintiff further alleges that he was punished "in retaliation for making legitimate complaints rather than for any legitimate penological purpose," also in violation of the Fourteenth Amendment.  Id.  Defendants argue that Plaintiff cannot sustain a due process claim under the Fourteenth Amendment because Plaintiff does not allege deprivation of a protected liberty or property interest.  See ECF No. 68-1, pgs. 11-13.

/ / /

/ / /

/ / /

Though not argued by Defendants, the Court will also consider Plaintiff's references in the second claim to retaliation and excessive force.

First addressing excessive force, the Court finds that this reference in the second claim is duplicative of Plaintiff's separate third claim of deliberate indifference in violation of the Eighth Amendment.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).

Here, Plaintiff's seventh amended complaint is devoid of any allegations that any named defendant – except Byers – acted because of protected activity on the part of Plaintiff.  As to Byers, Plaintiff contends that Byers told Plaintiff "You're getting everything you deserve" as he "grabbed Plaintiff under his jaw with both hands and began pulling him upwards with great pressure. . . ."  It is unclear, however, whether Byers said Plaintiff was getting what he deserved because he engaged in some protected activity earlier or for a different reason.  Plaintiff's allegations are thus insufficient to establish the elements of a retaliation claim.  The Court does not recommend leave to amend as it does not appear, given the headings Plaintiff's counsel uses in the seventh amended complaint and the bases of liability cited, that Plaintiff even intends to assert a retaliation claim.

Turning to the gravamen of Plaintiff's second claim – an alleged violation of Plaintiff's due process rights – the Court agrees that Plaintiff's seventh amended complaint is deficient because Plaintiff does not allege the deprivation of any protected liberty or property interest.  As Defendants note, Plaintiff's second claim is merely a recitation of the law devoid of facts showing that a liberty or property interest was deprived without due process.  The Court agrees with Defendants that Plaintiff's references to due process in the second claim are

essentially made in the context of Plaintiff's belief that Defendants violated his Eighth Amendment rights, discussed below. Finally, the Court observes that Plaintiff's opposition to Defendants' motion to dismiss does not address due process.

        **C.**        **Eighth Amendment**

In his third claim, Plaintiff alleges Defendants violated his rights under the Eighth Amendment to be free from cruel and unusual punishment. See ECF No. 62, pgs. 10-11. While Plaintiff's eighth claim alleges violation of "Constitutional Code §§ 51, 52," an apparent reference to the California Constitution, the eighth claim also references "Excessive Force." Id. at 15-16.

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

When prison officials stand accused of using excessive force, the core judicial inquiry is ". . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims,

1 is applied to excessive force claims because prison officials generally do not have time to reflect
2 on their actions in the face of risk of injury to inmates or prison employees. See Whitley, 475
3 U.S. at 320-21.  In determining whether force was excessive, the Court considers the following
4 factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship
5 between the need for force and the amount of force used; (4) the nature of the threat reasonably
6 perceived by prison officers; and (5) efforts made to temper the severity of a forceful response.
7 See Hudson, 503 U.S. at 7.  The absence of an emergency situation is probative of whether force
8 was applied maliciously or sadistically.  See Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir.
9 1993) (en banc).  The lack of injuries is also probative.  See Hudson, 503 U.S. at 7-9.  Finally,
10 because the use of force relates to the prison's legitimate penological interest in maintaining
11 security and order, the Court must be deferential to the conduct of prison officials.  See Whitley,
12 475 U.S. at 321-22.

13        Deliberate indifference to a prisoner's serious illness or injury, or risks of serious
14 injury or illness, also gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at
15 105; see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental
16 health needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other
17 grounds by Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if
18 the failure to treat a prisoner's condition could result in further significant injury or the ". . .
19 unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.
20 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997)
21 (en banc); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors
22 indicating seriousness are: (1) whether a reasonable doctor would think that the condition is
23 worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities;
24 and (3) whether the condition is chronic and accompanied by substantial pain.  See Lopez v.
25 Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).
26 / / /
27 / / /
28 / / /

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Defendants concede that Plaintiff's seventh amended complaint states a cognizable Eighth Amendment medical deliberate indifference claim against Defendants Grinde, Bodenhamer, and Clough. See ECF No. 68-1, pg. 14. Defendants also concede that the seventh amended complaint states cognizable Eighth Amendment excessive force claims against Defendants Burke, Cross, Valine, Lewis, Kinn, Leech, Spark, Walker, and Byers. See id. at n.2.

According to Defendants, the seventh amended complaint fails to state an Eighth Amendment medical deliberate indifference claim against Defendants Burke, Cross, Valine, Lewis, Kinn, Leech, Spark, Walker, or Byers, because there simply are no specific factual allegations as to these defendants. See id. at 14. The Court agrees. The seventh amended complaint only specifically mentions Defendants Grinde, Bodenhamer, and Clough in connection with Eighth Amendment medical claims. See ECF No. 62, ¶¶ 21, 23, and 26.

///

///

**D.     Conspiracy**

In his fourth claim, Plaintiff alleges liability under 42 U.S.C. § 1985.  See ECF No. 62, pgs. 11-12.  In his fifth claim, Plaintiff alleges liability under 42 U.S.C. § 1986.  See ECF No. 62, pgs. 12-13.

Section 1985 addresses conspiracies interfering with civil rights. To establish a section 1985 claim, Plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).  Section 1985 only applies where there is a racial or other class-based discriminatory animus behind the conspirators' actions of "impeding, hindering, obstructing, or defeating, in any manner… to any citizen the equal protection of the laws" Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992); 42 U.S.C.S. § 1985.  The Ninth Circuit has extended § 1985 "beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Id. at 1536.  In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988).  A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985." Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 971 n.7 (9th Cir. 1994).  A plaintiff may not pursue a claim for relief under 42 U.S.C. § 1986 unless he has first stated a claim for relief under § 1985. McCalden v. California Library Assoc., 955 F.2d 1214, 1223 (9th Cir. 1992); 42 U.S.C. § 1986.

/ / /

/ / /

The Court agrees with Defendants that Plaintiff fails to state a claim under § 1985 because he has not adequately alleged facts to support the existence of a conspiracy. Plaintiff's allegations are entirely conclusory and not supported by specific allegations. Because Plaintiff fails to state a claim under § 1985, he also fails to state a claim under § 1986. The fourth and fifth claims should be dismissed with prejudice.

### E. State Law

In his sixth and seventh claims, Plaintiff alleges liability under state tort law for intentional infliction of emotional distress (sixth claim) as well as assault and battery (seventh claim). See ECF No. 62, pgs. 13-15. In this eighth claim, Plaintiff contends Defendants excessive force in violation of "Constitutional Code §§ 51, 52," an apparent reference to the California Constitution. Defendants argue that these claims should be dismissed because Plaintiff failed to comply with the California Government Claims Act. See Cal. Gov't. Code § 900, et seq.

The California Government Claims Act establishes conditions required to file a lawsuit against a public entity for money or damages. Id. Under the Act, a plaintiff must either receive a notice of the claim's rejection or give the entity 45 days to respond to the claim prior to the filing of any lawsuit, after which the entity's inaction is deemed a rejection. See Cal. Gov't. Code §§ 912.4, 945.4. Failure to timely present a claim to the public entity bars the plaintiff from filing a lawsuit against that public entity. See Stampfil v. Susanville Sanitary Dist., 2021 U.S. Dist. LEXIS 113142, *23-24 (E.D. Cal. 2021). A plaintiff's complaint must plead facts demonstrating or excusing compliance with the claims presentation requirements of the California Government Claims Act to survive a motion to dismiss. See id.; see also State v. Superior Court, 32 Cal.4th 1234, 1239-41 (2004).

The Court agrees with Defendants that Plaintiff's state law claims must be dismissed because Plaintiff fails to allege any facts demonstrating or excusing compliance with the California Government Claims Act. In his opposition brief, Plaintiff states that he cannot "verify" that a California Government Claims Act claim was even filed. See ECF No. 69, pg. 2. Plaintiff's state law claims should be dismissed with prejudice because it does not appear that Plaintiff has ever presented his claims to the appropriate state agency.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss, ECF No. 68, be granted;

2. Plaintiff's Fourth Amendment claim (first claim) be dismissed with prejudice;

3. Plaintiff's due process and related claims (second claim) be dismissed with prejudice;

4. Plaintiff's conspiracy claims (fourth and fifth claims) be dismissed with prejudice;

5. Plaintiff's state law claims (sixth and seventh claims) be dismissed with prejudice;

6. Plaintiff's Eighth Amendment claims (third and eighth claims) be dismissed as against all defendants except Defendants Grinde, Bodenhamer, and Clough regarding medical needs and Defendants Burke, Cross, Valine, Lewis, Kinn, Leech, Spark, Walker, and Byers regarding excessive force; and

7. This action proceed against Defendants Grinde, Bodenhamer, Clough, Burke, Cross, Valine, Lewis, Kinn, Leech, Spark, Walker, and Byers on Plaintiff's Eighth Amendment claims (third and eighth claims) and that all other named defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 3, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

14