ROB BONTA, State Bar No. 202668
Attorney General of California
JON ALLIN, State Bar No. 155069
Supervising Deputy Attorney General
JANET N. CHEN, State Bar No. 283233
Supervising Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 210-7319
 Fax:  (916) 324-5205
 E-mail:  Janet.Chen@doj.ca.gov
*Attorneys for Defendants Lewis, Burke, Clough,*
*Grinde, Cross, Walker, Leech, Sparks, Kinn, Valine,*
*Byers, and Bodenhamer*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MARIO AMADOR GONZALEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>Defendants. | 2:17-cv-00176-WBS-DMC (PC)<br><br>**DEFENDANTS' ANSWER AND DEMAND FOR JURY TRIAL**<br><br>Trial Date:      Not set<br>Action Filed:   January 26, 2017 |

In accordance with the Court's October 4, 2022 Order (ECF No. 72), Defendants Grinde, Bodenhamer, Clough, Burke, Cross, Valine, Lewis, Kinn, Leech, Spark, Walker, and Byers (Defendants) answer Plaintiff's Seventh Amended Complaint (Complaint), filed on September 3, 2021, as follows.  Unless stated otherwise, all allegations are denied.

**I.   PARTIES**

1.     In response to paragraph 1, Defendants deny the allegations.

2.     In response to paragraph 2, Defendants admit that they are natural persons sued in their individual/personal capacities.  Defendants deny that they had policymaking duties, functions, or responsibilities, and deny that they are sued in their official capacities.

1

3.    In response to paragraph 3, Defendants admit that they are employees of a public entity and were acting under color of state law at all times relevant to the Complaint.

4.    In response to paragraph 4, Defendants admit that at all times relevant to the Complaint, they were acting within the course and scope of their employment.  Defendants deny the remaining allegations.

**II.   JURISDICTION**

5.    In response to paragraph 5, Defendants admit that jurisdiction is proper under 28 U.S.C. § 1131.

**III.   FACTS COMMON TO ALL CLAIMS**

6.    In response to paragraph 6, Defendants reincorporate each and every other response set forth in this Answer.

7.    In response to paragraph 7, Defendants deny the allegations.

8.    In response to paragraph 8, Defendants deny the allegations.

9.    In response to paragraph 9, Defendants admit that Plaintiff Mario A. Gonzalez is a state prisoner incarcerated at California State Prison, Los Angeles County (CSP-LAC). Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.

10.    In response to paragraph 10, Defendants admit that Plaintiff brings this action under 42 U.S.C. § 1983.  Defendants deny all remaining allegations in this paragraph.

11.    In response to paragraph 11, Defendants deny that they committed or covered up misconduct, abused Plaintiff, failed to document or report abuse, or disregarded or violated Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

12.    In response to paragraph 12, Defendants deny that they failed to protect Plaintiff, used excessive force on Plaintiff, or tortured Plaintiff.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

13.    In response to paragraph 13, Defendants deny the allegations.

2

14.     In response to paragraph 14, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis deny them

15.     In response to paragraph 15, Defendants admits that on April 12, 2016, Defendants Officer Burke and Officer Cross went to Plaintiff's cell to conduct a cell search.  Defendants admit that to execute the search, Plaintiff would have to exit the cell.  Defendants admit that Lieutenant Bales was the supervisor on duty on this date, but deny the remaining allegations regarding Lieutenant Bales.  Defendants deny coercing or endangering Plaintiff's well-being and further deny violating or allowing any violation of Plaintiff's constitutional rights.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

16.     In response to paragraph 16, Defendants admit that Plaintiff's cell door was opened. Defendant deny all of the remaining allegations in this paragraph.

17.     In response to paragraph 17, Defendants deny the allegations.

18.     In response to paragraph 18, Defendants deny the allegations

19.     In response to paragraph 19, Defendants deny the allegations.

20.     In response to paragraph 20, Defendants deny the allegations.

21.     In response to paragraph 21, Defendants admits that Plaintiff was taken to a medical facility where he was seen by Defendant Grinde, a Registered Nurse.  Defendants deny the remaining allegations in this paragraph.

22.     In response to paragraph 22, Defendants deny that Kinn and Leech hit Plaintiff in the face.  Defendants lack sufficient information or knowledge to admit or deny whether Defendant Walker pressed down on Plaintiff's knee and on that basis deny that she did, but Defendants deny that Walker tried to break Plaintiff's knee.  Defendants lack sufficient knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis deny them.

23.     In response to paragraph 23, Defendants deny that Byers grabbed Plaintiff and pulled Plaintiff upwards and deny that Byers said, "You're getting everything you deserve."  Defendants deny that any violation occurred and deny that any form of "uncalled-for violent conduct"

3

1  occurred or was an accepted and approved-of practice.  Defendants lack sufficient knowledge or

2  information sufficient to form a belief about the truth about the remaining allegations, and on that

3  basis deny them.

4      24.    In response to paragraph 24, Defendants deny the allegations.

5      25.    In response to paragraph 25, Defendants deny the allegations.

6      26.    In response to paragraph 26, Defendants deny that Bodenhamer withheld the fact that

7  Plaintiff had a fractured back in an act of deliberate indifference to Plaintiff's rights.  Defendants

8  lack knowledge or information sufficient to form a belief about the truth about the remaining

9  allegations, and on that basis deny them.

10     27.    In response to paragraph 27, Defendants deny the allegations.

11     28.    In response to paragraph 28, Defendants deny the allegations.

12     29.    In response to paragraph 29, Defendants deny the allegations.

13     30.    In response to paragraph 30, Defendants deny the allegations.

14     **CLAIM ONE – FOURTH AMENDMENT/UNLAWFUL SEARCH AND SEIZURE**

15     31.    Paragraphs 31 to 37 contain legal conclusions to which no response is required.

16  Additionally, no response is necessary because the Court dismissed all but Plaintiff's Eighth

17  Amendment claims (claims three and eight).  (ECF No. 72 at 2.)  Nonetheless, Defendants deny

18  that they violated Plaintiff's constitutional rights, deny that they caused Plaintiff harm, and deny

19  that Plaintiff is entitled to any relief whatsoever.

20     **CLAIM TWO – FOURTEENTH AMENDMENT DUE PROCESS**

21     32.    Paragraphs 38 to 46 contain legal conclusions to which no response is required.

22  Additionally, no response is necessary because the Court dismissed all but Plaintiff's Eighth

23  Amendment claims (third and eighth claims).  (ECF No. 72 at 2.)  Nonetheless, Defendants deny

24  that they violated Plaintiff's constitutional rights, deny that they caused Plaintiff harm, and deny

25  that Plaintiff is entitled to any relief whatsoever.

26     **CLAIM THREE – EIGHTH AMENDMENT (MEDICAL NEEDS)**

27     33.    Paragraphs 47 to 54 contain legal conclusions to which no response is required.

28  Additionally, as to this claim, the Court dismissed all defendants but Grinde, Bodenhamer, and

4

Clough.  (ECF No. 72 at 2.)  Nonetheless, Defendants Grinde, Bodenhamer, and Clough deny that they violated Plaintiff's constitutional rights, deny that they caused Plaintiff harm, and deny that Plaintiff is entitled to any relief whatsoever.

## CLAIM FOUR – EIGHTH AMENDMENT

34.    Paragraphs 55 to 63 contain legal conclusions to which no response is required. Additionally, no response is necessary because the Court dismissed all but Plaintiff's Eighth Amendment claims (third and eighth claims).  (ECF No. 72 at 2.)  Nonetheless, Defendants deny that they violated Plaintiff's constitutional rights, deny that they caused Plaintiff harm, and deny that Plaintiff is entitled to any relief whatsoever.

## CLAIM FIVE – NEGLECT TO PREVENT CONSTITUTIONAL RIGHTS

35.    Paragraphs 64 to 71 contain legal conclusions to which no response is required. Additionally, no response is necessary because the Court dismissed all but Plaintiff's Eighth Amendment claims (third and eighth claims).  (ECF No. 72 at 2.)  Nonetheless, Defendants deny that they violated Plaintiff's constitutional rights, deny that they caused Plaintiff harm, and deny that Plaintiff is entitled to any relief whatsoever.

## CLAIM SIX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.    Paragraphs 72 to 77 contain legal conclusions to which no response is required. Additionally, no response is necessary because the Court dismissed all but Plaintiff's Eighth Amendment claims (third and eighth claims).  (ECF No. 72 at 2.)  Nonetheless, Defendants deny that they violated Plaintiff's constitutional rights, deny that they caused Plaintiff harm, and deny that Plaintiff is entitled to any relief whatsoever.

## CLAIM SEVEN – ASSAULT AND BATTERY

37.    Paragraphs 78 to 85 contain legal conclusions to which no response is required. Additionally, no response is necessary because the Court dismissed all but Plaintiff's Eighth Amendment claims (third and eighth claims).  (ECF No. 72 at 2.)  Nonetheless, Defendants deny that they violated Plaintiff's constitutional rights, deny that they caused Plaintiff harm, and deny that Plaintiff is entitled to any relief whatsoever.

/ / /

1   **CLAIM EIGHT – EIGHTH AMENDMENT (EXCESSIVE FORCE)**

2   38.   Paragraphs 86 to 92 contain legal conclusions to which no response is required.

3   Additionally, the Court dismissed all defendants but Burke, Cross, Valine, Lewis, Kinn, Leech,

4   Spark, Walker, and Byers as to this claim.  (ECF No. 72 at 2.)  Nonetheless, Defendants Burke,

5   Cross, Valine, Lewis, Kinn, Leech, Spark, Walker, and Byers deny that they violated Plaintiff's

6   constitutional rights, deny that they caused Plaintiff harm, and deny that Plaintiff is entitled to any

7   relief whatsoever.

8   **PRAYER**

9   39.   In response to paragraphs 1 through 5 under the section entitled "Prayer," Defendants

10   deny that Plaintiff is entitled to general and special damages, treble and punitive damages, or to

11   any damages or form of relief whatsoever.  Defendants deny that Plaintiff is entitled to attorney's

12   fees or costs.

13   **AFFIRMATIVE DEFENSES**

14   Defendants asserts the following affirmative defenses to Plaintiff's Complaint.

15   1.   Plaintiff failed to timely and properly exhaust his available administrative remedies

16   before filing this lawsuit as required under 42 U.S.C. § 1997e.

17   2.   Defendants are entitled to immunity, including qualified immunity, because they

18   acted reasonably under the circumstances and the law was not clearly established that

19   Defendants' conduct violated the Constitution.

20   3.   Plaintiff's own conduct has contributed to his damages, if any.

21   4.   Plaintiff has failed to mitigate his damages, if any.

22   5.   To the extent that Plaintiff has previously litigated the issues raised in this Complaint,

23   the Complaint and all causes of action are barred by the doctrines of res judicata or collateral

24   estoppel.

25   6.   Plaintiff's claims are barred to the extent that they were not timely filed as required

26   by the applicable statute of limitations.

27   / / /

28   / / /

7.     The Complaint is barred by the Eleventh Amendment to the United States Constitution to the extent that it purports to seek damages from Defendants in their official capacities.

Because the Complaint is couched in vague terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this matter.  Accordingly, Defendants reserve the right to assert additional affirmative defenses, to the extent such affirmative defenses are applicable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants demand that this action be tried by and before a jury to the extent provided by law.

## PRAYER FOR RELIEF

Defendants pray that the Court provide the following relief:

1.     Dismissal of the Complaint;

2.     Entry of judgment for Defendants;

3.     An award of costs of suit and attorney's fees to Defendants; and

4.     Such other relief as the Court deems proper.

Dated:  November 3, 2022                                        Respectfully submitted,

ROB BONTA
Attorney General of California
JON ALLIN
Supervising Deputy Attorney General

*/s/ Janet N. Chen*

JANET N. CHEN
Supervising Deputy Attorney General
*Attorneys for Defendants Lewis, Burke,*
*Clough, Grinde, Cross, Walker, Leech,*
*Sparks, Kinn, Valine, Byers, and*
*Bodenhamer*

SA2020300132
36693691.docx

7

1

## <u>CERTIFICATE OF SERVICE</u>

2

Case Name: **Gonzalez v. Newsom, et al.**          No.          **2:17-cv-00176-WBS-DMC (PC)**

3

I hereby certify that on **<u>November 3, 2022</u>**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:  **DEFENDANTS' ANSWER AND**

4

**DEMAND FOR JURY TRIAL**.

5

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

6

7

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **<u>November</u>**

8

**<u>3, 2022</u>**, at Sacramento, California.

9

| D. Jones | */s/ D. Jones* |
|---|---|
| Declarant | Signature |

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

SA2020300132
36693936.docx

28

Defendants' Answer & Demand for Jury Trial  (2:17-cv-00176-WBS-DMC (PC))