IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO AMADOR GONZALEZ,<br><br>Plaintiff,<br><br>v.<br><br>CLOUGH, et al.,<br><br>Defendants. | No. 2:17-CV-0176-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C. §1983. Pending before the Court is Defendants' unopposed motion for partial summary judgement based on failure to exhaust administrative remedies as to certain defendants. See ECF No 89. Also before the Court is Defendant Sparks' motion for judgment on the pleadings. See ECF No. 88. Plaintiff has filed objections to Defendant Sparks' motion. See ECF No. 91.

**I. BACKGROUND**

This action proceeds on Plaintiff's seventh amended complaint. See ECF No. 62. Defendants filed a motion to dismiss some of Plaintiff's claims, which was granted. See ECF Nos. 71, 72. Plaintiff's surviving claims are Eighth Amendment claims against Defendants Grinde, Bodenhamer, and Clough regarding medical needs and against Defendants Burke, Cross, Valine, Lewis, Kinn, Leech, Sparks, Walker, and Byers regarding excessive force. See ECF Nos.

71, 72.

According to Plaintiff, on March 10, 2016, he notified his primary clinician, Dr. Ross, that he feared for his safety because "he was aware that five officers at A-2 P.S.U. Sacramento were engaging in illegal beatings of fellow inmates." ECF No. 62 at 3. Plaintiff claims that on April 12, 2016, Defendants Burke and Cross entered Plaintiff's cell to conduct a search. See id. Out of fear, Plaintiff requested that a supervisor in charge or a lieutenant be present during the cell search. See id. Plaintiff asserts that, despite his request, Defendant Cross refused to call a supervisor. See id. Plaintiff states that Defendant Bales was the lieutenant on duty at the time and should have reprimanded the officers for the actions. See id.

Plaintiff next claims that, seemingly displeased with Plaintiff's request, Defendant Cross gathered additional officers – Defendants Burke, Valine, and Lewis – and returned to Plaintiff's cell. See id. Plaintiff's cell door was opened and Defendant Cross placed Plaintiff's left hand in handcuffs and "began to punch him in the left side of his body." Id. at 3-4. Plaintiff claims Defendant Cross then placed Plaintiff in a "full nelson" hold and Defendant Valine, Lewis, and Burke "took turns kicking Plaintiff in the back and rib area of his body with their boots." Id.

Plaintiff next alleges that the "torture and abuse then continued by Plaintiff being dragged to the sink area where Officer Cross held Plaintiff in the position and then Officer Burke ordered Officer J. Lewis. . . to pour urine and feces mixtures into his [Plaintiff's] mouth." Id. Plaintiff claims Defendant Lewis then kicked Plaintiff in his testicles. See id. Plaintiff was taken to the medical facility where Defendant Grinde, a residential nurse, "ignored the physical damage to the Plaintiff and played down the beating in a conspiratorial fashion and refused to report the physical injuries to cover up of [sic] the Defendants, use of excessive force." Id. at 5. Plaintiff claims that, following this but prior to being returned to his cell, Defendant Clough tied Plaintiff down on a gurney with sheets whereupon Defendants Kinn and Leech "started hitting the restrained Plaintiff in the face without cause or justification." Plaintiff next claims that Defendant Walker – who is not named in Plaintiff's earlier Defendant list– "was pressing down on Plaintiff's knee area inward in an apparent attempt to break his knee." Id.

Plaintiff next alleges that, upon being returned to his cell, Defendant Sergeant

2

Byers "grabbed Plaintiff under his jaw with both hands and began pulling him upwards with great pressure, inflicting further unnecessary pain and suffering." Id. Defendant Byers then told Plaintiff, "You're getting everything you deserve" in the presence of Defendant Clough, who did nothing to intervene. See id. Plaintiff states his injuries were compounded when, after being returned to his cell, Defendant Lewis "squeezed Plaintiff's testicles and hit him in the testicular area with a metal detector." Id. Plaintiff adds that, at this point, Defendant Cross removed Plaintiff's handcuffs, sat him on the ground, began punching Plaintiff in the face, and said "I've been waiting to fuck you up." Id.

Plaintiff then alleges he filed a "Sick Call Slip" seeking treatment for his injuries and was provided an x-ray. See id. at 5-6. Plaintiff claims that Defendant Bodenhamer, a prison doctor, confirmed a fracture of Plaintiff's eighth rib, but withheld the fact that Plaintiff had also had a fractured back. See id. at 6. Plaintiff asserts this conduct indicates deliberate indifference. See id.

Next, Plaintiff alleges that Defendant Sparks interfered with Plaintiff's right to file a complaint in connection with the foregoing. See id. at 7. According to Plaintiff, Defendant Sparks threatened to charge him with a rules violation if Plaintiff were to file a complaint. See id.

## II. DISCUSSION

Before the Court are motions for judgment on the pleadings filed by Defendant Sparks and for summary judgment filed by all Defendants based on lack of exhaustion of administrative remedies. Defendants' motion for summary judgment is not opposed.

### A. **Judgment on the Pleadings**

Defendant Sparks moves for judgment on the pleadings as to Plaintiff's Eighth Amendment excessive force claim, arguing that the complaint contains no facts to sustain such a claim against him. See ECF No. 88. For the reasons discussed below, the Court agrees with Defendant and finds that judgment on the pleadings as to Plaintiff's excessive for claim against Sparks is appropriate. This claim should be dismissed.

1. Applicable Legal Standard

3

Motions for judgment on the pleadings under Rule 12(c) are similar to motions under Rule 12(b) in that judgment on the pleadings is appropriate if ". . . it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988). Rather than testing whether the factual allegations state a claim, motions under Rule 12(c) test whether, even if all the facts alleged in the complaint can be proved, defendants are nonetheless entitled to judgment as a matter of law. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989). All non-conclusory factual allegations in the complaint must be assumed to be true. See Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967); see also McGlinchy, 845 F.2d at 810.

2. Analysis

The procedural history of this case is dispositive of the present motion. Defendant Sparks and the other defendants filed a motion to dismiss. ECF No. 68. Plaintiff filed an opposition. ECF No. 69. This Court made findings and recommendations that the motion to dismiss be granted in part. ECF No. 71. The district judge adopted the findings and recommendations in full. ECF No. 72. The only claims that survived the motion to dismiss were: (1) Plaintiff's Eighth Amendment claims against defendants other than Sparks regarding medical needs; and (2) Plaintiff's Eighth Amendment claims against all defendants regarding excessive force. ECF Nos. 71, 72. Plaintiff's remaining claims were dismissed with prejudice. ECF Nos. 71, 72.

Defendant Sparks correctly notes that no facts in the seventh amended complaint suggest that Defendant Sparks engaged in any manner of excessive force. See ECF No. 62 at 6-7. In the seventh amended complaint, Plaintiff only alleges that Defendant Sparks coerced Plaintiff to not file a complaint by threatening to write Plaintiff up for a rules violation. Id. In his objection to Defendant Sparks' motion, Plaintiff concedes that he never accused Defendant Sparks of excessive force. ECF No. 91 at 1. The Court will recommend that Defendant Sparks' motion for judgment on the pleadings be granted.

///

**B.     Summary Judgment**

   1. Applicable Legal Standard

   The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id., at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

   If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than

1   simply show that there is some metaphysical doubt as to the material facts . . . . Where the record
2   taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no
3   'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).  It is sufficient that "the
4   claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions
5   of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.

6       In resolving the summary judgment motion, the court examines the pleadings,
7   depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.
8   See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, see Anderson,
9   477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the
10  court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.
11  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
12  produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
13  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
14  1987).  Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the
15  judge, not whether there is literally no evidence, but whether there is any upon which a jury could
16  properly proceed to find a verdict for the party producing it, upon whom the onus of proof is
17  imposed."  Anderson, 477 U.S. at 251.

18              2.      Defendants' Evidence

19      Defendants' motion for summary judgment is supported by a separate statement of
20  undisputed facts (referred to by Defendants as "UF," ECF No. 89-2, the declaration of S. Gates,
21  Chief of the Health Care Correspondence and Appeals Branch, with attached Exhibits A-C, ECF
22  No. 89-3, and the declaration of D. Contreras, Grievance Coordinator at California State Prison –
23  Sacramento, with attached Exhibits A-M, ECF No. 89-4.

24      According to Defendants, the following facts are undisputed:

> Plaintiff submitted five appeals/grievances accepted for review by SAC [California State Prison – Sacramento] against Defendants in this action. (Defendants' Separate Statement of Undisputed facts (UF) No. 1.)
> Appeal log number SAC-P-16-1560 was received on April 27, 2016. (UF No. 2.) Plaintiff claimed he was assaulted by **Defendants Burke, Cross, Lewis, and Valine** on April 12, 2016; Plaintiff was taken to the TTA and told **Defendant Grinde** about his injuries, who

6

> downplayed his injuries; and on return to his cell, **Defendant Byers** pulled on Plaintiff's jaw **while Defendant Clough** was present. (UF No. 3.)
> Healthcare Appeal log number SAC-HC-16032658 was received May 9, 2016. (UF No. 4.) Plaintiff claimed that on April 12, 2016, **Defendant Grinde** failed to properly assess him in the SAC Treatment and Triage Area and downplayed his injuries. (UF No. 5.)
> Healthcare Appeal log number SAC-HC-16032586 was received May 19, 2016. (UF No. 6.) Plaintiff disagreed with the treatment provided by his primary care provider, complaining that Tylenol, Motrin, and physical therapy were not helping; and requested a referral to a chiropractor, a new doctor, and different medication. (UF No. 7.)
> Appeal log number SAC-P-16-2342 was received June 23, 2016. (UF No. 8.) Plaintiff claimed non-party Lieutenant Bales falsely stated that Plaintiff declined to be interviewed for appeal log number SAC-P-16-01560 to cover up the misconduct of **Defendants Burke, Cross, and Lewis** during the April 12, 2016 incident. (UF No. 9.)
> Grievance log number SAC 426546 was received on July 19, 2023. (UF No. 10.) Plaintiff claimed that on April 22, 2016, non-party Sergeant Morton allowed **Defendant Byers** to threaten him in the presence of **Defendants Burke and Valine** and allowed them to attend his use-of force video interview (apparently for the April 12, 2016 incident). (UF No. 11.) Plaintiff also alleged that **Defendants, Burke, Cross, Valine, and Byers** frequently beat inmates along with non-party Correctional Officer Green. (UF No. 12.)
> Plaintiff did not submit any appeal or grievance accepted for review by SAC prior to filing his operative complaint regarding his claim that, while he was restrained to a gurney in medical on April 12, 2016, **Defendants Kinn and Leech** hit him in the face and **Defendant Walker** pressed on Plaintiff's knee in an apparent attempt to break his knee. (UF No. 13.)
> Plaintiff did not submit any appeal or grievance accepted for review by SAC prior to filing his operative complaint regarding the use of excessive force by **Defendant Sparks** on April 12, 2016. (UF No. 14.)
> Plaintiff did not submit a Healthcare Appeal accepted for review by SAC prior to filing his operative complaint regarding his claim that **Defendant Bodenhamer** confirmed Plaintiff's rib fracture, but withheld the fact that Plaintiff had a fractured back—which Plaintiff discovered after his transfer to R. J. Donovan Correctional Facility in September 2016. (UF No. 15.)

ECF No. 89-1, pgs. 3-4 (emphasis in original).

Because Plaintiff has not filed an opposition to Defendants' motion for summary judgment, the Court accepts Defendants' statement of facts as undisputed.

/ / /

/ / /

/ / /

/ / /

/ / /

3. <u>Analysis</u>

Defendants seek partial summary judgment based on failure to exhaust administrative remedies as to certain defendants. See ECF No. 89-1, pgs. 6-7. Defendants argue:

> Defendants do not dispute that appeal log numbers SAC-P-16-01560 and SAC-HC-16032658 exhausted Plaintiff's administrative remedies for the allegations in his operative complaint as to Defendants Burke, Cross, Grinde, Lewis, and Valine. However, none of the SAC appeals or grievances accepted for review, including log numbers SAC-P-16-01560 and SACHC-16032658, address his allegations that on April 12, 2016, while restrained to a gurney in medical, Defendants Kinn and Leech hit him in the face and Defendant Walker pressed on Plaintiff's knee in an apparent attempt to break his knee; or that Defendant Bodenhamer withheld the fact that Plaintiff had a fractured back. (UF No. 13, 15.) These appeals and grievances also do not mention any use of force by Defendant Sparks on April 12, 2016. (UF No. 14.)

ECF No. 89-1, pg. 7.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory regardless of the relief sought. See <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001) (overruling <u>Rumbles v. Hill</u>, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies while the lawsuit is pending. See <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002). The Supreme Court addressed the exhaustion requirement in <u>Jones v. Bock</u>, 549 U.S. 199 (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense which must be pleaded and proved by the defendants; (2) an individual named as a defendant does not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not all, claims are unexhausted. The defendant bears burden of showing non-exhaustion in the first instance. See <u>Albino v. Baca</u>, 747 F.3d 1162, 1172 (9th Cir. 2014). If met, the plaintiff bears the burden of showing that the grievance process was not available, for example because it was thwarted, prolonged, or inadequate. See <u>id.</u>

8

The Supreme Court held in Woodford v. Ngo that, in order to exhaust administrative remedies, the prisoner must comply with all of the prison system's procedural rules so that the agency addresses the issues on the merits. 548 U.S. 81, 89-96 (2006). Thus, exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90. Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94. When reviewing exhaustion under California prison regulations which have since been amended, the Ninth Circuit observed that, substantively, a grievance is sufficient if it "puts the prison on adequate notice of the problem for which the prisoner seeks redress. . . ." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009); see also Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (reviewing exhaustion under prior California regulations).

Until June 1, 2020, when regulations relating to inmate grievances were amended, a prison inmate in California satisfied the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of Regulations. Under the prior regulations, applicable in this case which arose prior to June 1, 2020, inmates "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate . . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a); see also Munoz v. Cal. Dep't of Corrs., 2020 WL 5199517, at *6 (C.D. Cal. July 24, 2020). Under the pre-2020 regulations, the inmate must submit their appeal on the proper form, and was required to identify the staff member(s) involved as well as describe their involvement in the issue. See Cal. Code Regs. tit. 15, § 3084.2(a). These regulations required the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, was not appealable and concluded a prisoner's departmental administrative remedy. See id.

In certain circumstances, the regulations made it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance was characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lost any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim was exhausted when it was characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prior prison regulations required that the prisoner be notified that such claims must be appealed separately. See id. at 939. The Court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process. See id.

Defendants' evidence shows that Plaintiff filed appeals or grievances for some of the allegations in the seventh amended complaint. See ECF No. 89-2. These appeals and include:

    a.    Plaintiff claimed he was assaulted by Defendants Burke, Cross, Lewis, and Valine on April 12, 2016; Plaintiff was taken to the TTA and told Defendant Grinde about his injuries, who downplayed his injuries; and on return to his cell, Defendant Byers pulled on Plaintiff's jaw while Defendant Clough was present.

    b.    Plaintiff claimed that on April 12, 2016, Defendant Grinde failed to properly assess him in the Treatment and Triage Area and downplayed his injuries.

    c.    Plaintiff disagreed with the treatment provided by his primary care provider, complaining that Tylenol, Motrin, and physical therapy were not helping; and requested a referral to a chiropractor, a new doctor, and different medication.

    d.    Plaintiff claimed non-party Lieutenant Bales falsely stated that Plaintiff declined to be interviewed for appeal log number SAC-P-16-01560 to cover up the misconduct of Defendants Burke, Cross, and Lewis during the April 12, 2016, incident.

    e.    Non-party Sergeant Morton allowed Defendant Byers to threaten him in the presence of Defendants Burke and Valine and allowed them to attend his use-of-force video interview (apparently for the April 12, 2016, incident).

    f. Plaintiff alleged that Defendants, Burke, Cross, Valine, and Byers frequently beat inmates along with nonparty Correctional Officer Green.

Defendants concede that these claims are exhausted and should proceed. See ECF No. 89-1, pg. 7.

  Defendants argue that Plaintiff did not file appeals for grievances for the remaining claims in his complaint. See id. Specifically, Defendants assert that Plaintiff did not exhaust the following claims:

    a. While Plaintiff was restrained to a gurney in medical on April 12, 2016, Defendants Kinn and Leech hit him in the face and Defendant Walker pressed on Plaintiff's knee in an apparent attempt to break his knee.

    b. The use of excessive force by Defendant Sparks on April 12, 2016.

    c. Defendant Bodenhamer confirmed Plaintiff's rib fracture, but withheld the fact that Plaintiff had a fractured back—which Plaintiff discovered after his transfer to R. J. Donovan Correctional Facility in September 2016.

ECF No. 89-1, pg. 7.

  The Court finds that Defendants have met their initial burden of demonstrating non-exhaustion and by identifying what steps Plaintiff did and did not take to exhaust his claims. Plaintiff had the opportunity to respond but did not do so. Because Plaintiff introduced no evidence that could give rise to disputed factual questions, Defendants' evidence is necessarily undisputed, and an evidentiary hearing is not necessary. See Albino, 747 F.3d at 1172. The Court will recommend dismissal of Defendants Bodenhamer, Kinn, Leech, Sparks, and Walker based on failure to exhaust. This action should proceed on Plaintiff's seventh amended complaint on his Eighth Amendment claims as against Defendants Burke, Cross, Grinde, Lewis, Clough, and Valine only.

///
///
///
///

11

### III. CONCLUSION

Based on the foregoing, the undersigned recommends as follows:

1. Defendant Sparks' motion for judgment on the pleadings, ECF No. 88, be GRANTED.

2. Defendants' unopposed motion for partial summary judgment, ECF No. 89, be GRANTED.

3. Defendants Bodenhamer, Kinn, Leech, Sparks, and Walker be DISMISSED with prejudice.

4. This action proceed on Plaintiff's seventh amended complaint on his Eighth Amendment claims against Defendants Burke, Cross, Grinde, Lewis, Clough, and Valine only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 19, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE