| | |
|---|---|
| ROB BONTA, State Bar No. 202668<br>Attorney General of California<br>JOANNA B. HOOD, State Bar No. 264078<br>Supervising Deputy Attorney General<br>SEAN W. LODHOLZ, State Bar No. 299096<br>Deputy Attorney General<br> 1300 I Street, Suite 125<br> P.O. Box 944255<br> Sacramento, CA 94244-2550<br> Telephone:  (916) 210-7369<br> Fax:  (916) 324-5205<br> E-mail:  Sean.Lodholz@doj.ca.gov<br>*Attorneys for Defendants Burke, Clough, Cross, Grinde, Lewis, and Valine* | MARIO AMADOR GONZALEZ<br>Plaintiff Pro Se<br>11134 Sepulveda Blvd.<br>Mission Hills, CA 91345<br>USA |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MARIO AMADOR GONZALEZ,**<br><br>                      Plaintiff,<br><br>v.<br><br>**GAVIN NEWSOM, et al.,**<br><br>                      Defendant. | 2:17-cv-00176-WBS-DMC<br><br>**STIPULATED DISCOVERY AND SCHEDULING ORDER**<br><br>Judge:     The Honorable Dennis M. Cota<br>Action Filed:   January 26, 2017 |

In response to the Court's July 11, 2024 order (ECF No. 105) pro se Plaintiff Mario Amador Gonzalez and Defendants Burke, Clough, Cross, Grinde, Lewis, and Valine stipulate to the following discovery schedule:

    1.    Discovery requests shall be served by the party seeking the discovery on all parties to the action.  Discovery requests shall not be filed with the Court except when required by Eastern District of California Local Rules 250.1(a), 250.2(c), 250.3(c), and/or 250.4(c).  Improperly filed discovery requests will be disregarded.

/ / /

/ / /

1

2. Responses to written discovery requests shall be due 45 days after the request is served.

3. Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant(s) may depose Plaintiff and any other incarcerated witness upon condition that, at least 14 days before such a deposition, all parties are served with the notice required by Federal Rule of Civil Procedure 30(b)(1).  Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court. Pursuant to Federal Rule of Civil Procedure 30(b)(3)(A), a court reporter may be present at a deposition by video conference without a further motion or order of the Court.

4. If disputes arise about the parties' obligations to respond to requests for discovery, the parties shall comply with all pertinent rules, including Federal Rules of Civil Procedure 5, 7, 11, 26, and 37 and Eastern District of California Local Rules 133, 134, 135, 137, 130, 131, 110, 141, 141.1, and 230(m); unless otherwise ordered, Local Rule 251 shall not apply.  Filing a discovery motion that does not comply with all applicable rules may result in imposition of sanctions, including but not limited to denial of the motion.

5. Discovery in this matter will close 180 days from the date of this order.  All requests for discovery pursuant to Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45 shall be served not later than sixty days prior to this date.  Any motions necessary to compel discovery shall be filed by this date.

6. All dispositive motions shall be filed not later than 120 days after the discovery cut-off date specified above.

7. Unless otherwise ordered, all motions shall be briefed pursuant to Local Rule 230(*l*), and failure to oppose such a motion in a timely manner may be deemed a waiver of opposition to the motion.

8. Pursuant to *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), Plaintiff is advised of the following requirements for opposing a motion for summary judgment made by Defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure: Such a motion is a request for an order for judgment

in favor of Defendants without trial.  A defendant's motion for summary judgment will set forth the facts that the Defendants contend are not reasonably subject to dispute and that entitle the Defendants to judgment.  To oppose a motion for summary judgment, Plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that Plaintiff has personal knowledge of the matters stated and Plaintiff calls to the Court's attention those parts of the complaint upon which Plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that Plaintiff believes prove Plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but Plaintiff must prove that the records are what Plaintiff claims they are.  Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If Plaintiff fails to contradict the Defendants' evidence with counteraffidavits or other admissible evidence, the Defendants' evidence may be taken as the truth and the Defendants' motion for summary judgment granted.  If there is some good reason why such facts are not available to Plaintiff when required to oppose a motion for summary judgment, the Court will consider a request to postpone considering the Defendants' motion.  If Plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the Court may consider the failure to act as a waiver of opposition to the Defendants' motion.  If the Defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the Defendants without a trial and the case will be closed.

9. If Defendant moves for summary judgment, Defendant must contemporaneously serve with the motion, but in a separate document, a *Rand* Notice.  *See Rand*, 154 F.3d at 957. Failure to do so may constitute grounds for denial of the motion.

10. At a later stage in the proceedings, the Court will issue a final scheduling order.

/ / /

/ / /

/ / /

| | |
|---|---|
| **IT IS SO STIPULATED** | Respectfully submitted, |
| Dated: _____, 2024 | By: /s/ <br> Mario Amador Gonzalez <br> Plaintiff Pro Se |
| Dated: July 19, 2024 | ROB BONTA <br> Attorney General of California <br> JOANNA B. HOOD <br> Supervising Deputy Attorney General <br><br> By: /s/ <br> SEAN W. LODHOLZ <br> Deputy Attorney General <br> *Attorneys for Defendants Burke, Clough, Cross, Grinde, Lewis, and Valine* |

**IT IS SO ORDERED.**

Dated: August 14, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE