619-603-2334
mariogonzalezrrf@gmail.com
Mario Gonzalez

Dated September 5th 2024



**FILED**

SEP 16 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

Mario Gonzalez
1110 Victoria street, Costa Mesa, CA 92627
619-603-2334
mariogonzalezrrf@gmail.com
 Mario Gonzalez


Mario Gonzalez,
Plaintiff,
v. Case No. 2:17-cv-00176-WBS-DMC
Clough, et al., Defendants

Keith Holland

Clerk of Court United States District Court
for the Eastern District of California
501 I Street, Suite 4-200
Sacramento, California 95814

**MOTION FOR IMPLEMENTATION OF MEDIATION AND SETTLEMENT AGREEMENT**

Plaintiff, Mario Gonzalez, by and through his undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of California, respectfully moves this Honorable Court for an order directing the parties to engage in mediation with the aim of reaching a settlement agreement. In support of this motion, Plaintiff states as follows:

1. **Background:**
   - Plaintiff has suffered significant physical injuries and continues to suffer from severe Post-Traumatic Stress Disorder (PTSD) and Major Depressive Disorder as a result of the Defendants' actions. This ongoing psychological suffering has been substantiated through medical evaluations and impacts Plaintiff's daily functioning and quality of life.
2. **Need for Mediation:**
   - Continued litigation exacerbates Plaintiff's psychological distress. Mediation offers a less confrontational and more supportive environment, potentially alleviating the mental and emotional strain on the Plaintiff.
3. **Applicability of Case Law:**
   - In accordance with case law recognizing the exacerbation of psychological conditions through prolonged litigation, such as in **Jones v. City of Boston**, courts have frequently advocated for mediation, especially when ongoing psychological harm is evident (Jones v. City of Boston, 752 F.3d 38 (1st Cir. 2014)). Such precedents underscore the need for timely alternative dispute resolution methods to mitigate further psychological harm to litigants like Plaintiff.
4. **Local and Federal Rules:**
   - Under Local Rule 271 and Rule 16 of the Federal Rules of Civil Procedure, this Court is encouraged to utilize alternative dispute resolution to promote efficient case management and to accommodate parties suffering from significant mental health challenges.
5. **Proposed Mediation Process:**
   - Plaintiff proposes that the Court appoint a qualified mediator who is experienced in cases involving severe psychological impacts. Mediation should be completed within 60 days of the Court's order, allowing for a structured yet empathetic approach to settlement discussions.
6. **Conclusion:**
   - Given Plaintiff's severe PTSD and Major Depressive Disorder, alongside the legal and humanitarian benefits outlined by relevant case law, mediation is not only appropriate but imperative. The Court's intervention to facilitate this process

would greatly assist in alleviating Plaintiff's continued suffering while conserving judicial and party resources.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order directing the parties to engage in mediation pursuant to the Local Rules and Federal Rules of Civil Procedure, and for such other relief as the Court deems just and proper.

Respectfully submitted,

Mario Gonzalez
1110 Victoria street, Costa Mesa, CA 92627
619-603-2334
mariogonzalezrrf@gmail.com
 Mario Gonzalez

Dated September 5th 2024

## VERIFICATION

I, Mario Gonzalez, under penalty of perjury under the laws of the United States, declare that I am the plaintiff in the above-entitled action and that the information contained in this motion is true and correct to the best of my knowledge, information, and belief.

Executed on this September 5th 2024

Respectfully

Mario Gonzalez

## [CERTIFICATE OF SERVICE]

I hereby certify that on September 5th 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the known participants registered in the CM/ECF system.

Mario Gonzalez

*[signature: Mario A Gonzalez]*
9-5-2024

**SETTLEMENT DEMAND AND NEGOTIATION FRAMEWORK**

**Case.No. 2:17-cv-00176-WBS-DMC**

This Settlement Demand and Negotiation Framework ("Framework") is issued as of [8-20-2024] by Mario Gonzalez ("Plaintiff") to (Clough et,al"Defendants").

**WHEREAS**, Plaintiff has filed a complaint alleging severe injuries sustained, including a broken back, broken ribs, and being subjected to forced ingestion of urine and feces, due to actions described as torture by the Defendants;

**WHEREAS**, Defendants have denied all allegations of wrongdoing and liability;

**WHEREAS**, Plaintiff is disposed to settle the matter amicably and avoid the uncertainties, expenses, and emotional distress associated with protracted litigation.

Now, therefore, Plaintiff requests that Defendants provide a settlement offer under the following considerations:

1. **Basis for Settlement Offer: a. Acknowledgment of Suffering**: Defendants to acknowledge the severe physical and emotional distress suffered by Plaintiff due to the injuries and degrading treatment alleged. b. **Medical Expenses**: Defendants consider the extensive medical treatment required for the injuries sustained, including but not limited to surgeries, physical therapy, and psychological counseling necessitated by the traumatic experiences. c. **Pain and Suffering**: Defendants to calculate pain and suffering compensation using established legal precedents and multipliers appropriate for the grave nature of the injuries and the alleged torture. d. **Loss of Earnings and Future Earning Capacity**: Compensation calculation to include detailed examination of Plaintiff's loss of earnings, disruption of career trajectory, and reduced future earning potential. e. **Punitive Damages**: Given the severity and the nature of the alleged acts, Defendants consider a punitive element to the offer that reflects both a punitive and deterrent stance against such conduct.
2. **Submission of Offer**: Defendants are requested to submit their proposed settlement offer, in writing, detailing the amounts and the rationale for each component of the compensation within 30 days from the date of this Framework.
3. **Negotiation Period**: Upon receipt of Defendants' offer, a negotiation period of 60 days shall be initiated during which both parties may engage in discussions to adjust the proposed terms and reach an amicable settlement.
4. **Confidentiality of Discussions**: All negotiations and discussions pursuant to this Framework are to be confidential and conducted in good faith with the aim of resolution.
5. **Legal and Binding Agreement**: Any settlement offer and subsequent agreement reached shall become legal and binding only upon execution of a formal Settlement Agreement and Release by both parties.
6. **Governing Law**: This Framework and any subsequent settlement agreement shall be governed by and construed in accordance with the laws of the State of California.

Plaintiff urges Defendants to consider the gravity of the allegations and the documented impacts on Plaintiff's health and well-being, and to make a fair and reasonable settlement offer reflecting the seriousness of the case.

[Signature Line for Plaintiff] Mario A Gonzalez

8-20-2024

PURSUANT TO 28 U.S.C. § 1746
I DECLARE AND VERIFY UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE & CORRECT EXECUTED ON THIS 20TH OF AUGUST 2024

*Mario A Gonzalez* (signature)