1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JOANNA B. HOOD, State Bar No. 264078
   Supervising Deputy Attorney General
3  SEAN W. LODHOLZ, State Bar No. 299096
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone: (916) 210-7369
6    Fax: (916) 324-5205
     E-mail: Sean.Lodholz@doj.ca.gov
7  *Attorneys for Defendants*
   *Burke, Clough, Cross, Grinde, Lewis, and Valine*

8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11                   SACRAMENTO DIVISION

12

13

14 **MARIO AMADOR GONZALEZ,**            2:17-cv-00176-WBS-DMC

                          Plaintiff,    **DEFENDANTS' OPPOSITION TO**
15                                       **PLAINTIFF'S MOTION RE:**
                                         **DEPOSITION; DECLARATION OF**
16    v.                                 **COUNSEL**

17 **GAVIN NEWSOM, et al.,**            **[ECF No. 121]**

18                        Defendant.    Judge:        The Honorable William B.
                                                      Shubb
19                                      Trial Date:   Not Set
                                        Action Filed: January 26, 2017
20

21

22                        **INTRODUCTION**

23        Plaintiff Mario Amador Gonzalez is proceeding in forma pauperis and without counsel on

24 his seventh amended complaint. (ECF Nos. 13, 60, 72, 103.) Plaintiff requests his deposition be

25 conducted remotely or within thirty-miles of his residence; and that his mental health clinician

26 attend. (ECF No. 121.) For the reasons explained below, this Court should deny Plaintiff's

27 motion and order him to attend his deposition in person at the California Attorney General's

28 Office at 300 S. Spring St., Los Angeles, CA 90013, which is thirty-nine miles from Plaintiff's

                                         1

residence.  Defendants do not object to the attendance of Plaintiff's mental health clinician at the deposition, if Plaintiff provides their name, title, and contact information for verification[1].

## STANDARD

To receive a protective order, a party must show that, absent the protective order, they will suffer "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  Proof must be based on "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).  "If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery."  *Id*. at (c)(2).

## BACKGROUND

In an October 23, 2024 letter, defense counsel offered to take Plaintiff's deposition at the California Attorney General's Office in Sacramento, or the California Attorney General's Office in Los Angeles.  (Decl. Lodholz, Ex. A.)  Plaintiff responded, refusing a deposition at either location and insisting on the attendance of a mental health clinician at his deposition as an accommodation under the Americans with Disabilities Act (ADA).  (*Id*. at Ex. B.)  Defendants replied, explaining that the California Attorney General's Office in Sacramento is in the district where Plaintiff brought this lawsuit, and the Los Angeles Office is only thirty-nine miles from Plaintiff's current residence.  (*Id*. at Ex. C.)  Defense counsel also explained that the ADA did not apply to Plaintiff's deposition, but Defendants did not object to the attendance of a mental health clinician at the deposition, if Plaintiff provides their name, title, and contact information for verification.  (*Id*.)  Plaintiff did not respond to Defendants' letter and filed the instant motion. (ECF No. 121.)

/ / /

/ / /

/ / /

---

[1] Plaintiff's clinician will not be permitted to participate in on the record discussions at the deposition.

2

**ARGUMENT**

The deposition of a party may be noticed wherever the deposing party designates, subject to the court's power to grant a protective order. *See* Federal Rule of Civil Procedure 30(b). "Generally, a 'plaintiff will be required to make himself available for examination in the district in which he has brought suit.'" *Clinton v. Cal. Dep't of Corr.*, No. CIV S-05-1600-LKK-CMK-P, 2008 U.S. Dist. LEXIS 111287, at *4 (E.D. Cal. Nov. 25, 2008) (*citing Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 422 (E. D. Wash. 1976)); *see also South Seas Catamaran, Inc. v. Motor Vessel Leeway*, 120 F.R.D. 17, 21 (D. N.J. 1988) ("the general rule requiring plaintiff or its agents to appear for the taking of depositions in the district in which the suit is brought").[2] "Discovery always entails some burden or expense. Only undue burden or expense, which is beyond that normally necessary, will justify issuing a protective order." *Clinton*, 2008 LEXIS 111287, at *3. Furthermore, even non-parties may be compelled to attend a deposition "within 100 miles of where the person resides…." Fed. R. Civ. P. 45(c) (emphasis added).

Here, it is imperative that Plaintiff's deposition be taken in person in a controlled environment, free from outside influence or distraction, where defense counsel can best observe Plaintiff's demeanor and credibility. (Decl. Lodholz ¶ 4.) Conducting the deposition remotely would also hinder defense counsel's ability to present and question Plaintiff as to specific documents and prevent defense counsel from using an in-person videographer to record Plaintiff at deposition. (*Id.*) It is also important that the deposition be taken in a secure setting, particularly given Plaintiff's continued hostility and accusations against defense counsel in his recent filings and correspondence. (*Id.*; *see* Ex. B; ECF No. 115, 121.)

Regarding the location of Plaintiff's deposition, defense counsel has offered to travel 385 miles to the California Attorney General's Office in Los Angeles, which is only a thirty-nine mile drive from Plaintiff's current residence at 1110 Victoria Street, Costa Mesa CA, 92627. (Decl. Lodholz ¶ 3, Exs. A, B.) Plaintiff insists that the deposition must take place within thirty miles of

---

[2] Plaintiff has been served with a paper copy of unreported cases in accordance with Local Rule 133(i)(3)(ii).

3

his residence, but his conclusory statements fail to demonstrate that traveling an additional nine miles would impose an undue burden.  (See ECF No. 121)[3]  And if Plaintiff is unable to travel an additional nine miles to attend his deposition, it is unclear how he intends to prosecute this case, which will require his attendance in the Sacramento Division of the United States District Court for the Eastern District of California for trial.

Regarding Plaintiff's request for the attendance of a mental health clinician at his deposition as an accommodation under the Americans with Disabilities Act (ADA), Plaintiff misstates *Clark v. California*, 123 F.3d 1267 (9th Cir. 1997), which addressed immunity under the Eleventh Amendment to the United States Constitution—not ADA accommodations at deposition.  The ADA does not apply to such depositions because "a public entity's participation via counsel as a defendant in a civil deposition is not a plausible service, program, or activity." *Centeno v. City of Carlsbad*, No. 21-56274, 2022 U.S. App. LEXIS 19503, at *2 (9th Cir. July 14, 2022) (affirming dismissal of plaintiff's ADA claim against city for failing to provide accommodation during a deposition).  However, Defendants do not object to the attendance of a mental health clinician at Plaintiff's deposition if he provides their name, title, and contact information for verification.

Lastly, the portion of Plaintiff's motion regarding sanctions is confused.  (ECF No. 121.) Defense counsel has not sought sanctions against Plaintiff regarding his deposition—yet.  It appears Plaintiff has confused that issue with defense counsel's request for $228 in sanctions in connection with Plaintiff's "perjury" motion against defense counsel.  (*See* ECF Nos. 115, 117.)

/ / /

/ / /

/ / /

---

[3] Defense counsel is unable to locate the cases cited by Plaintiff in this section of his motion in Lexis or Westlaw.  (Decl. Lodholz ¶ 5.)

4

**CONCLUSION**

Based on the foregoing, this Court should deny Plaintiff's motion and order him to attend his deposition in person at the California Attorney General's Office at 300 S. Spring St., Los Angeles, CA 90013.

Dated:  November 20, 2024                    Respectfully submitted,

                                             ROB BONTA
                                             Attorney General of California
                                             JOANNA B. HOOD
                                             Supervising Deputy Attorney General

                                             */s/ Sean W. Lodholz*

                                             SEAN W. LODHOLZ
                                             Deputy Attorney General
                                             *Attorneys for Defendants*
                                             *Burke, Clough, Cross, Grinde, Lewis, and*
                                             *Valine*

SA2020300132
38550428.docx

5

1
<b>DECLARATION OF COUNSEL</b>

2     I, Sean W. Lodholz, declare as follows:

3     1.     I am a Deputy Attorney General in the California Attorney General's Office and am

4 counsel of record for Defendants in this matter.

5     2.     Attached as **Exhibits A-C** are true and correct copies of correspondence between Mr.

6 Gonzalez and I regarding scheduling his deposition.

7     3.     I work at the California Attorney General's Office at 1300 I street, Sacramento, CA

8 95814.  The California Attorney General's Office at 300 S Spring St, Los Angeles, CA 90013 is

9 approximately 385 miles from my office in Sacramento and (according to Google maps) only a

10 thirty-nine-mile drive from Mr. Gonzalez's current address at 1110 Victoria Street, Costa Mesa

11 CA, 92627.

12     4.     It is imperative that Mr. Gonzalez's deposition be taken in person in a controlled

13 environment, free from outside influence or distraction, where I can best observe his demeanor

14 and credibility.  Conducting the deposition remotely would also hinder my ability to present and

15 question Mr. Gonzalez as to specific documents and prevent me from employing an in-person

16 videographer to record Mr. Gonzalez at deposition.  It is also important that the deposition be

17 taken in a secure setting, particularly given Mr. Gonzalez's continued hostility and accusations

18 against me in his recent filings and correspondence.

19     5.     I am unable to locate the following cases cited by Plaintiff in Lexis or Westlaw: (1)

20 *Dewey v. Superior Court*, 81 Cal. App. 3d 846 (Cal. Ct. App. 1978); (2) *Cortez v. County of Los*

21 *Angeles*, 294 F.R.D 569 (C.D. Cal. 2011); and (3) *In re Thomas*, 223 F.3d 1203 (10th Cir. 2000).

22     I declare under penalty of perjury that the foregoing is true and correct to the best of my

23 knowledge.  Executed in Sacramento, California, on November 20, 2024.

24     */s/ Sean W. Lodholz*

25     Sean W. Lodholz
Deputy Attorney General

26 SA2020300132
27 38550428.docx

28

6

# EXHIBIT A

| | |
|---|---|
| **From:** | Sean Lodholz |
| **To:** | Mario Gonzalez |
| **Subject:** | Gonzalez, Mario v. Newsom, et al., E.D. Cal. No. 2:17-cv-00176-WBS-DMC - Re Future Communication and Deposition Scheduling |
| **Date:** | Wednesday, October 23, 2024 8:37:34 AM |
| **Attachments:** | Gonzalez - Letter to Plaintiff Re Future Communication and Deposition Scheduling.pdf |

Mr. Gonzalez,

Attached is a courtesy copy of a letter that will be served today by U.S. mail.  Please respond in writing no later than November 15, 2024.

Thank you,

**Sean W. Lodholz** | **Deputy Attorney General** | **California Department of Justice**

Correctional Law Section | 1300 I Street | Sacramento, CA 95814

*t* (916) 210-7369 | *f* (916) 324-5205 | *e* sean.lodholz@doj.ca.gov

C A L I F O R N I A
**DEPARTMENT OF JUSTICE**

*Rob Bonta*
**Attorney General**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-7369
Facsimile: (916) 324-5205
E-Mail: Sean.Lodholz@doj.ca.gov

October 23, 2024

*Served via U.S. mail and transmitted via email.*

Mario Amador Gonzalez
1110 Victoria Street
Costa Mesa CA, 92627
619-603-2334
mariogonzalezrrf@gmail.com

RE:    *Mario Amador Gonzalez v. Gavin Newsom, Et Al.*
       USDC, E.D. Cal., Case No. 2:17-CV-00176-WBS-DMC
       Re: Future communication and deposition scheduling.

Dear Mr. Gonzalez:

      Because of your recent motion accusing me of misconduct (ECF No. 113), I am asking that all future communication between us be in writing (either by letter or email), unless it is during an appearance or on the record.

      I am also in the process of preparing to take your deposition and would like to arrange its location, date, and time with you. With respect to location, you may choose to come to the California Attorney General's Office at 1300 I Street, Sacramento, CA 94244, which is down the street from the Eastern District Court house where your case is filed.[1] Alternatively, I can travel to Los Angeles, near your current address, and we can complete your deposition at the California Attorney General's Office at 300 S Spring St, Los Angeles, CA 90013. Please let me know which location you prefer.

      With respect to timing, your deposition must be noticed on or before December 12, 2024, and that notice must be served at least fourteen days prior to the date of the deposition. I plan to notice your deposition in early December 2024, and take your deposition after the holidays in January 2025. With that in mind, please provide your availability in January 2025, for a deposition lasting up to seven-hours.[2] Alternatively, if you do not have any preference, please let me know.

---

[1] You will be required to travel to the Court for pre-trial and trial proceedings.
[2] This is the maximum time permitted by Federal Rule of Civil Procedure 30. However, I anticipate completing your deposition in less time.

October 23, 2024
Page 2


       If I do not receive a written response to this letter by November 15, 2024, I will seek court intervention and/or notice your deposition at a location, date, and time of my choosing. **Please take notice that your failure to cooperate and attend your deposition may result in court-ordered sanctions, which could include defense counsel's expenses and even dismissal of your case.**

                            Sincerely,

                            */s/ Sean W. Lodholz*

                            SEAN W. LODHOLZ
                            Deputy Attorney General

             For     ROB BONTA
                       Attorney General

SWL:

SA2020300132
38492291.docx

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Mario Gonzalez (AG7688) v. Newsom, et al.**
No.:         **2:17-cv-00176-WBS-DMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>October 23, 2024</u>, I served the attached **LETTER DATED OCTOBER 23, 2024** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Mario Amador Gonzalez
1110 Victoria Street
Costa Mesa CA 92627
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 23, 2024, at Sacramento, California.

|                    |                         |
|:------------------:|:-----------------------:|
| I. Martinez        | */s/ I. Martinez*       |
| Declarant          | Signature               |

SA2020300132
38497638.docx

**EXHIBIT B**

**From:** Mario Gonzalez
**To:** Sean Lodholz
**Subject:** My reply
**Date:** Wednesday, October 23, 2024 4:35:20 PM
**Attachments:** Letter to Sean Lodholz.pdf

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

The prison is being less than truthful with you cause they're covering up what was done to my person

**Mario Amador Gonzalez**
1110 Victoria Street
Costa Mesa, CA 92627
October 23, 2024

**Sean W. Lodholz**
Deputy Attorney General
Office of the Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

RE: Response to Communication and Deposition Scheduling
Case: *Mario Amador Gonzalez v. Gavin Newsom, et al.*
USDC, E.D. Cal., Case No. 2:17-CV-00176-WBS-DMC

Dear Mr. Lodholz,

I write to formally address and correct the record regarding your misstatements of key evidence in this matter. Specifically, your assertion that I did not file an appeal related to D. Bodenhamer, the Physician Assistant at California State Prison Sacramento (Represa), is not merely inaccurate but highly troubling. If this was not misconduct, then what do you call it? As you are undoubtedly aware, I submitted more than five separate appeals while incarcerated at Sacramento Represa (New Folsom), all of which concern the illegal acts perpetrated against me by the defendants you represent. You had access to these appeals in their entirety. Your on-record misrepresentation was a clear attempt to confuse the court and absolve these defendants from liability. I caution you to correct these misstatements at the earliest opportunity, as the concealment of such appeals constitutes a severe violation of the duty of candor to the tribunal.

Moreover, the appeals system at Sacramento Represa was deliberately manipulated to close out my appeals without due process, in direct violation of my rights. The exhaustion of administrative remedies is fundamental in cases involving prisoners' rights, and this doctrine applies here with full force. Pursuant to *Woodford v. Ngo*, 548 U.S. 81 (2006), administrative remedies must be exhausted properly, yet the system itself was used as a tool to frustrate my efforts. Furthermore, *Ross v. Blake*, 136 S. Ct. 1850 (2016), underscores that remedies unavailable to an inmate do not bar a claim, particularly where systemic mismanagement of the process effectively renders those remedies null.

Regarding the deposition you are seeking to conduct, I will be informing my mental health team of the matter. As you are aware, I suffer from severe PTSD and Major Depressive Disorder. The presence of a mental health provider during my deposition is not merely a request but a necessity, fully supported by legal precedent. In *McDowell v. Brown*, 392 F.3d 1283 (11th Cir. 2004), the court recognized that individuals with mental health conditions must be afforded

reasonable accommodations under the law. To deny me such support would not only be inhumane but would also run afoul of the Americans with Disabilities Act (ADA), which mandates accommodations for individuals with mental disabilities (*42 U.S.C. § 12132*).

Furthermore, you are well aware of my lack of access to transportation. Given these circumstances, I find your suggestion of either Sacramento or Los Angeles for the deposition to be unduly burdensome. It would be both reasonable and just for this deposition to occur in Costa Mesa, where I reside. In *Donnelly v. McNeill*, 2018 WL 1993439 (E.D. Cal. Apr. 27, 2018), the court underscored the importance of considering logistical and health factors when determining deposition locations, especially for parties with significant physical or mental health limitations.

Lastly, be advised that in the event of my untimely death, responsibility for that outcome will rest squarely on your shoulders and those of the criminal actors you represent. My suffering, both mental and physical, has been exacerbated by your continued misstatements and the relentless efforts to obscure the truth. As counsel for the state, you are not merely defending your clients but are bound by a higher ethical obligation to uphold justice. Any failure to correct the record and acknowledge the harm caused by these rogue officers and supervisors will not go unnoticed.

I urge you to respond promptly and in good faith to the above matters. I remain at a significant disadvantage in this litigation; however, I will not remain stagnant while you seek to distort facts to absolve the defendants of liability. I stand firm in my commitment to see this through, and I expect nothing less than full compliance with the rules of professional conduct.

Sincerely,
**Mario Amador Gonzalez**
In Pro Per
mariogonzalezrrf@gmail.com
(619) 603-233

# EXHIBIT C

| | |
|---|---|
| **From:** | Sean Lodholz |
| **To:** | Mario Gonzalez |
| **Subject:** | Gonzalez, Mario v. Newsom, et al., E.D. Cal. No. 2:17-cv-00176-WBS-DMC - Re Deposition Scheduling |
| **Date:** | Wednesday, October 30, 2024 3:14:29 PM |
| **Attachments:** | Gonzalez - Letter to Plaintiff Re Deposition Scheduling.pdf |

Mr. Gonzalez,

Attached is a courtesy copy of a letter that will be served today by U.S. mail.  Please respond in writing no later than November 15, 2024.

Thank you,

**Sean W. Lodholz ǀ Deputy Attorney General ǀ California Department of Justice**
Correctional Law Section ǀ 1300 I Street ǀ Sacramento, CA 95814
*t* (916) 210-7369 ǀ *f* (916) 324-5205 ǀ *e* sean.lodholz@doj.ca.gov

CALIFORNIA

# DEPARTMENT OF JUSTICE

**Rob Bonta**
**Attorney General**

1300 I STREET, SUITE 125
P.O. BOX 944255
SACRAMENTO, CA 94244-2550

Public: (916) 445-9555
Telephone: (916) 210-7369
Facsimile: (916) 324-5205
E-Mail: Sean.Lodholz@doj.ca.gov

October 30, 2024

*Served via U.S. mail and transmitted via email.*

Mario Amador Gonzalez
1110 Victoria Street
Costa Mesa CA, 92627
619-603-2334
mariogonzalezrrf@gmail.com

RE:   *Mario Amador Gonzalez v. Gavin Newsom, Et Al.*
        USDC, E.D. Cal., Case No. 2:17-CV-00176-WBS-DMC
        Re: deposition scheduling.

Dear Mr. Gonzalez:

This letter is in response to your October 23, 2024 letter regarding your deposition.

Regarding your request for the attendance of a mental health clinician at your deposition as an accommodation under the Americans with Disabilities Act (ADA). The ADA does not apply here because "a public entity's participation via counsel as a defendant in a civil deposition is not a plausible service, program, or activity." *Centeno v. City of Carlsbad*, No. 21-56274, 2022 U.S. App. LEXIS 19503, at *2 (9th Cir. July 14, 2022) (affirming dismissal of plaintiff's ADA claim against city for failing to provide accommodation during a deposition). However, Defendants do not object to the attendance of a mental health clinician at your deposition if you provide their name, title, and contact information for verification. It is your responsibility to arrange for the clinician's attendance and they are not permitted to participate in on-the-record discussion at the deposition.

Regarding the location of your deposition, the deposition of a party may be noticed wherever the deposing party designates, subject to the court's power to grant a protective order. *See* Federal Rule of Civil Procedure 30(b). "Generally, a 'plaintiff will be required to make himself available for examination in the district in which he has brought suit.'" *Clinton v. Cal. Dep't of Corr.*, No. CIV S-05-1600-LKK-CMK-P, 2008 U.S. Dist. LEXIS 111287, at *4 (E.D. Cal. Nov. 25, 2008) (*citing Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp. 416, 422 (E. D. Wash. 1976)); *see also South Seas Catamaran, Inc. v. Motor Vessel Leeway*, 120 F.R.D. 17, 21 (D. N.J. 1988) ("the general rule requiring plaintiff or its agents to appear for the taking of depositions in the district in which the suit is brought"). Here, you may choose between two

October 30, 2024
Page 2

locations for your deposition: (1) the California Attorney General's Office at 1300 I Street, Sacramento, CA 94244, which is in the district where you brought this lawsuit; or (2) the California Attorney General's Office at 300 S Spring St, Los Angeles, CA 90013, which is only 39 miles from your current residence at 1110 Victoria Street, Costa Mesa CA, 92627.[1]

Regarding timing of your deposition, as I previously explained, your deposition must be noticed on or before December 12, 2024, and that notice must be served at least fourteen days prior to the date of the deposition. I plan to notice your deposition in early December 2024, and take your deposition after the holidays in January 2025. With that in mind, I require your availability in January 2025, for a deposition lasting up to seven-hours.

Based on the foregoing, please let me know in writing: (1) the name, title, and contact information for your mental health clinician attending the deposition; (2) which of the two proposed locations will work best for your deposition; and (3) your availability for scheduling in January 2025. If you fail to provide a written response as requested by November 15, 2024, I will seek court intervention and/or notice your deposition at a location, date, and time of my choosing.

**Please take notice that your failure to cooperate and attend your deposition may result in court-ordered sanctions, which could include defense counsel's expenses and even dismissal of your case.**

Sincerely,

*/s/ Sean W. Lodholz*

SEAN W. LODHOLZ
Deputy Attorney General

For    ROB BONTA
Attorney General

SWL:

SA2020300132
38506589.docx

---

[1] Defendants note that even non-party deponents can be compelled to attend a deposition "within 100 miles of where the person resides…." Fed. R. Civ. P. 45(c) (emphasis added).

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **Mario Gonzalez (AG7688) v. Newsom, et al.**
No.:          **2:17-cv-00176-WBS-DMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>October 30, 2024</u>, I served the attached **LETTER DATED OCTOBER 30, 2024** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 1300 I Street, Suite 125, P.O. Box 944255, Sacramento, CA 94244-2550, addressed as follows:

Mario Amador Gonzalez
1110 Victoria Street
Costa Mesa CA, 92627
***In Pro Per***

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on October 30, 2024, at Sacramento, California.

| I. Martinez | ***/s/ I. Martinez*** |
|:---:|:---:|
| Declarant | Signature |

SA2020300132
38517105.docx

# CERTIFICATE OF SERVICE

Case Name:   **Mario Gonzalez (AG7688) v.**      No.   **2:17-cv-00176-WBS-DMC**
                    **Newsom, et al.**

I hereby certify that on <u>November 20, 2024</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

> ➤ **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION RE: DEPOSITION; DECLARATION OF COUNSEL [ECF No. 121]**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>November 20, 2024</u>, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:


Mario Amador Gonzalez
1110 Victoria Street
Costa Mesa CA, 92627
***In Pro Per***

I further certify that I served the following on Plaintiff:

- **UNPUBLISHED OPINIONS:**

  - ***Thomas Clinton vs. California Department of Corrections, et al.,* Case No. CIV S-05-1600-LKK-CMK-P, 2008 WL 5068586**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 20, 2024</u>, at Sacramento, California.

| K. Vitalie | /s/ K. Vitalie |
|:---:|:---:|
| Declarant | Signature |

SA2020300132
38559666.docx